UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROLAND JONES )
1390 Heatherland Drive )
Atlanta Georgia 30331 )
Plaintiff )
)
v. ) C.A. _____
)
Hon. PETE GEREN, )
Secretary of the Army )
101 Army Pentagon )
Room No. 3E560 )
Washington, D.C.  22310-0101, )
)
ARMY REVIEW BOARDS AGENCY )
1901 South Bell Street 2nd Floor )
Arlington, VA 22202-4508 )
)
G.E. VANDERBERG )
Analyst, Reconsideration Team )
1901 South Bell Street, 2nd Floor )
Arlington, Virginia  22202-4508, )
)
PHYLLIS A. CARRINGTON, Chief Analyst, )
Client Information & Quality Assurance )
1901 South Bell Street, 2nd Floor )
Arlington, Virginia  22202-4508, )
)
CARL W.S. CHUN, Director )
Board for Correction of Military )
Records )
1901 South Bell Street, 2nd Floor )
Arlington, Virginia  22202-4508, )
)
RICK A. SCHWEIGERT, Chief )
Congressional and Special Actions )
1901 South Bell Street, 2nd Floor )
Arlington, Virginia  22202-4508, )
)
and )
)
DEPARTMENT OF THE ARMY )
101 Army Pentagon )
Room No. 3E560 )
Washington, D.C.  22310-0101 )
)
    Defendants                                                    )

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
## AND PETITION FOR WRIT OF MANDAMUS

### NATURE OF ACTION

1. This is an action seeking judicial review under the Administrative Procedure Act, 5 U.S.C. § 701, *et. seq.* of a final agency decision of the Army Board for Correction of Military Records ("ABCMR"). On June 6, 2005, May 24, 2005, April 21, 2005, February 16, 2002, and March 29, 1999, the ABCMR returned Plaintiff's Request for Reconsideration without action in violation of the Administrative Procedure Act, 5 U.S.C. § 701, *et. seq.*

2. Plaintiff's July 3, 1998, submission to the ABCMR, submitted without the assistance of counsel, raised new legal and factual arguments to be granted Reconsideration and/or to be considered as a new application for merit – ABCMR's March 29, 1999, decision was arbitrary and capricious and contradictory as a matter of law.

3. Plaintiff's May 27, 2005, May 6, 2005, May 28, 2004, February 16, 2002, and July 10, 1998, submissions directly and/or indirectly to the ABCMR, submitted without the assistance of counsel, raised new legal and factual arguments to be granted Reconsideration and/or to be considered as a new application for merit – the Secretary's June 6, 2005, May 24, 2005, April 21, 2005, February 16, 2002 actions were arbitrary and capricious and contradictory as a matter of law by allowing staff members, not the Board Members of the ABCMR, determine if Plaintiff's assertions had any merit for consideration.

4. Accordingly, the Plaintiff seeks a declaration that the ABCMR's June 6, 2005, May 24, 2005, April 21, 2005, February 16, 2002, and March 29, 1999, decisions be set aside and petitions the Court to issue a Writ of Mandamus directing the Secretary of the Army to either (i.) reinstate Plaintiff back into the U.S. Army, provide back pay and past, present and future benefits, and present him to two Review Boards for promotion, or (ii) retroactively promote Plaintiff to Lieutenant Colonel permanent with back pay and past, present and future benefits, or (iii) remand this case back to the Secreary with instructions to have the ABCMR review this case *de novo* and follow this Court's precedent from <u>Dilley</u> and its progeny.

### JURISDICTION AND VENUE

5. Subject matter jurisdiction over this action is conferred by 28 U.S.C. § 1331. This action presents federal questions pursuant to the Administrative Procedure Act, 5 U.S.C. § 701, *et. seq.* This Court has personal jurisdiction over the parties pursuant to 5 U.S.C. § 702.

6. Venue lies in this district under 28 U.S.C. § 1391(e). Relief may be awarded pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 703 and 706, the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the All-Writs Act, 28 U.S.C. § 1651.

### PARTIES

7. Plaintiff Robert Jones served in the U.S. Army from June 1, 1959, until September 30,

1980. He had been up for promotion in the early 1980s. The Review Board had before it two passover letters from two illegally constituted Review Boards in the mid 1970s. Due to the denial of promotion, he was forced to retire in on August 30, 1980. See 10 U.S.C. §632.

8. Defendant The Hon. Pete Geren is the Secretary of the Army, and is a named defendant in his official capacity. Secretary Geren is authorized by 10 U.S.C. § 1552(a)(1) to correct any military record that is necessary to correct an error or remove an injustice.

9. Defendant G.E. Vanderberg is an Analyst for the Reconsideration Team of the Army Board for Correction of Military Records, and is a named defendant in his official capacity. Subsection 1552(a)(1) requires the Secretary to correct errors or injustices in military records by acting through boards of civilians. Mr. Vanderberg is an Analyst with the ABCMR, which is an "agency" within the meaning of the Administrative Procedure Act, 5 U.S.C. § 701(b)(1).

10. Defendant Phyllis A. Carrington is a Chief Analyst, Client Information & Quality Assurance, and is a named defendant in her official capacity. Subsection 1552(a)(1) requires the Secretary to correct errors or injustices in military records by acting through boards of civilians. Mrs. Carrington is an Analyst with the ABCMR, which is an "agency" within the meaning of the Administrative Procedure Act, 5 U.S.C. § 701(b)(1).

11. Defendant Carl W. S. Chun is the Director for the Army Board for Correction of Military Records, and is a named defendant in his official capacity. Subsection 1552(a)(1) requires the Secretary to correct errors or injustices in military records by acting through boards of civilians. Mr. Chun is the Director of the ABCMR, which is an "agency" within the meaning of the Administrative Procedure Act, 5 U.S.C. § 701(b)(1).

12. Defendant Rick A. Schweigert is Chief of Congressional and Special Actions (for the Department of the Army), and is a named defendant in his official capacity. Subsection 1552(a)(1) requires the Secretary to correct errors or injustices in military records by acting through boards of civilians. Mr. Schweigert is an employee of the ABCMR, which is an "agency" within the meaning of the Administrative Procedure Act, 5 U.S.C. § 701(b)(1).

13. Defendant Department of the Army is the agency that has custody of the records of Plaintiff's military service. It is also the agency under which the Board for the Correction of Military Records operates.

FACTUAL ALLEGATIONS

Plaintiff's Military Service

14. On June 1, 1959, Plaintiff joined the military and rose to the rank of Major by 1974.

15. On July 9, 1974, Plaintiff was passed over for promotion in 1974 by an illegally constituted promotion board. On May 12, 1975, Plaintiff was passed over again for promotion. This promotion board had before it a passover letter from the illegally constituted board. For a further explanation of these "illegally constituted boards", please see generally Dilley v. Alexander, 603 F.2d 914 (C.A.D.C., 1979) and Dilley discussed bewow at 16. The

Secretary through the ABCMR took corrective measures on July 28, 1976 and retroactively promoted Plaintiff, along with other service members. Plaintiff was promoted to Lieutenant Colonel temporary.

16. In Dilley v. Alexander, 603 F.2d 914 (C.A.D.C., 1979) Appellants were entitled not to have passover letters in their file from illegally constituted boards when they were before a Relook Board; in other words, they were entitled to be placed in a position had the illegally constituted board's decisions not been placed in Appellants' files.

17. On or about 1980, Plaintiff was up for promotion to Lieutenant Colonel permanent. Plaintiff was passed over twice. The Promotion Board had before it the two passover letters from the illegally constituted Boards of the mid-1970s.

18. On September 30, 1980, Plaintiff was forced to retire. 10 U.S.C §632 requires a Major (or Lieutenant Colonel temporary) to retire if he/she has been passed over twice for promotion.

Plaintiff's Requests for an Upgrade to His Military Records

19. On or about June 29, 1983, ABCMR denied Plaintiff's request for an upgrade to his discharge. Plaintiff had alleged that he was discriminated based on race during the promotion board process. On or about May 7, 1984, April 25, 1984, March 27, 1985, April 8, 1985, ABCMR denied Plaintiff"s request for reconsideration of ABCMR's June 29, 1983 denial.

20. On or about June 10, 1998, ABCMR denied Plaintiff's request for an upgrade to his military records. Plaintiff, who was still acting without counsel, had learned that the passover letters from the mid-1970s were before the Promotion Board when Plaintiff was up for promotion in the early 1980s. ABCMR opined:

> There is no evidence that any promotion selection board that considered the application for promotion to colonel either saw or were in any way influenced by the letter the applicant cites. Those documents were stamped "PERMANENT" to indicate that they were to be filed in his Official Military Personal File, not to signify that he was permanently non-selected for promotion to lieutenant colonel [permanent] was necessarily prejudicial once the applicant had been promoted to that rank and was being considered for promotion to colonel.

21. On or about May 29, 1999, the ABCMR, with Defendant Vanderberg as its Analyst, rejected Plaintiff's request for an upgrade, finding that Plaintiff's case had already been reviewed and apparently finding that Plaintiff failed to submit sufficient relevant evidence to demonstrate the existence of probable error or injustice.

22. On or about January 9, 2001, the ABCMR with Defendant Phyllis A. Carrington as its Chief Analyst, Client Information & Quality Assurance, rejected Plaintiff's July 12, 2000 request for reconsideration, citing that Plaintiff had failed to provide "'new, relevant evince' not previously reviewed by the staff of the Board." The Honorable John Lewis had to intervene for apparently the ABCMR had sent the incorrect decision to Plaintiff on June 10, 1998, and was sent to him on or about March 27, 2001.

23. On September 6, 2001, the ABCMR, with Defendant Chun as its Director, rejected Plaintiff's request for a records correction, finding that Plaintiff had already submitted two request of records upgrade with the BCMR and had been denied twice. Defendant Chun informed Plaintiff that he had exhausted all administrative remedies. Defendant Chun informed Plaintiff that he had the "option to seek relief in a court of appropriate jurisdiction." Defendant Chun noted that "[t]he ABCMR will not consider any further request for reconsideration of this matter."

24. On May 24, 2005 and June 6, 2005, the Department of the Army, with Defendant Rick A. Schweigert as its Chief, Congressional and Special Actions, rejected Plaintiff's request (without the assistance of counsel) for a records correction, finding that Plaintiff had already exhausted his appellate rights before the ABCMR. Defendant Schweigert noted both times: "You may seek relief through a federal court of appropriate jurisdiction."

FIRST CLAIM FOR RELIEF
ADMINISTRATIVE PROCEDURE ACT

25. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 24 above, as it fully set forth herein.

26. The ABCMR's decision of March 29, 1999, and its subsequent decisions of February 16, 2002, April 21, 2005, May 24, 2005, June 6, 2005, which relied upon the June 10, 1998, decision, contained manifest error and were clearly erroneous because these decisions made conclusions that were either contradicted or not supported by the record, and ignored this Court's precedent. Accordingly, these decisions were arbitrary, capricious, an abuse of discretion, or otherwise contrary to law and must be set aside under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A).

SECOND CLAIM FOR RELIEF
ADMINISTRATIVE PROCEDURE ACT

27. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 26 above, as it fully set forth herein.

28. The June 6, 2005, May 24, 2005, April 21, 2005, February 16, 2002, and March 29, 1999, refusals of the ABCMR to reconsider Plaintiff's May 27, 2005, May 6, 2005, May 28, 2004, February 16, 2002, September 13, 2000, July 3, 1998, Requests for Reconsideration, which showed that the ABCMR's June 10, 1998 and subsequent decisions contained factual and legal errors and which was based on the submission of new issues and new and material evidence, was arbitrary, capricious, an abuse of discretion, or otherwise contrary to law and must be set aside under the Administrative Procedure Act, 5 U.S.C. §706(2)(A).

THIRD CLAIM FOR RELIEF
SECTION 1552 OF TITLE 10, U.S.C.

29. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1

through 29 above, as it fully set forth herein.

30. The ABCMR decisions described in ABCMR's letters of June 6, 2005, May 24, 2005, April 21, 2005, February 16, 2002, and March 29, 1999, were made by staff and not the Board, and, accordingly violate the provisions of 10 U.S.C. § 1552.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ronald Jones prays this Court to enter judgment in favor of the Plaintiff as follows:

1. Holding unlawful and setting aside the June 10, 1998, decision of the ABCMR, and subsequent decisions on June 6, 2005, May 24, 2005, April 21, 2005, February 16, 2002, and March 29, 1999, denying Plaintiff's application for an upgraded discharge.

2. Holding unlawful and setting aside the June 6, 2005, May 24, 2005, April 21, 2005, February 16, 2002, and March 29, 1999, ABCMR refusals to consider Plaintiff's Requests for Reconsideration.

3. Issuing a writ of mandamus directing the Secretary of the Army to re-characterize Plaintiff's September 30, 1980, discharge as Lieutenant Colonel permanent or Colonel full.

4. In the alternative, remanding this case to the ABCMR with instructions to consider the new issues and the new and material evidence supplied by Plaintiff in his Requests for Reconsideration denied by ABCMR on June 6, 2005, May 24, 2005, April 21, 2005, February 16, 2002, and March 29, 1999 in accordance with <u>Dilley</u> and its progeny.

5. Awarding Plaintiff his costs and attorneys fees.

6. Granting such other relief as the Court deems just and proper.

Dated: November 9, 2007

Respectively Submitted,

Law Offices of Carolyn Elefant

*Carolyn Elefant*
by *Michael DL Eisenberg*
*per e-mail authorization*  11/8/07

Carolyn Elefant
DC Bar Number: 425433
1717 K Street, N.W. Ste. 600
Washington D.C. 20036
O: (202) 297-6100
F: 305-675-8075
loce@his.com
Lead Attorney

LAW OFFICE OF MICHAEL D.J. EISENBERG
ATTORNEY AND COUNSELOR AT LAW

*[signature]*

Michael D.J. Eisenberg
DC Bar Number: 486251
700 12th Street, NW
Suite 700
Washington, DC 20005
O: (202) 558-6371
F: (202) 403-3430
michael@eisenberg-lawoffice.com
Co-Counsel for the Plaintiff
Roland Jones

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
Roland Jones
1390 Heatherland Drive
Atlanta Georgia 30331

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __88888__
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
Preston M. Geren, III, ET AL
Secretary of the Army
101 Army Pentagon
Washington, DC 20310-0101

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __11001__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Law Offices of Carolyn Elefant, 1717 K Street, N.W.
Ste. 600, Wash D.C. 20036, 202/297-6100
Law Office of Michael D.J. Eisenberg, 700 12th St, N
Suite 700, Wash D.C. 20005, 202/558-6371

iv.

Case: 1:07-cv-02041
Assigned To : Friedman, Paul L.
Assign. Date : 11/9/2007
Description: Admn. Agency Review

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☒ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust
- ☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ☒ C. Administrative Agency Review
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff))
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

| Real Property | Bankruptcy | Forfeiture/Penalty | |
|---|---|---|---|
| ☐ 210 Land Condemnation | ☐ 422 Appeal 28 USC 158 | ☐ 610 Agriculture | ☐ 470 Racketeer Influenced & Corrupt Organizations |
| ☐ 220 Foreclosure | ☐ 423 Withdrawal 28 USC 157 | ☐ 620 Other Food &Drug | ☐ 480 Consumer Credit |
| ☐ 230 Rent, Lease & Ejectment |  | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 490 Cable/Satellite TV |
| ☐ 240 Torts to Land | Prisoner Petitions |  | ☐ 810 Selective Service |
| ☐ 245 Tort Product Liability | ☐ 535 Death Penalty | ☐ 630 Liquor Laws | ☐ 850 Securities/Commodities/Exchange |
| ☐ 290 All Other Real Property | ☐ 540 Mandamus & Other | ☐ 640 RR & Truck |  |
|  | ☐ 550 Civil Rights | ☐ 650 Airline Regs | ☐ 875 Customer Challenge 12 USC 3410 |
| Personal Property | ☐ 555 Prison Condition | ☐ 660 Occupational Safety/Health |  |
| ☐ 370 Other Fraud |  | ☐ 690 Other | ☐ 900 Appeal of fee determination under equal access to Justice |
| ☐ 371 Truth in Lending | Property Rights |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 380 Other Personal Property Damage | ☐ 820 Copyrights |  |  |
| ☐ 385 Property Damage Product Liability | ☐ 830 Patent | Other Statutes | ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |
|  | ☐ 840 Trademark | ☐ 400 State Reapportionment |  |
|  |  | ☐ 430 Banks & Banking |  |
|  | Federal Tax Suits | ☐ 450 Commerce/ICC Rates/etc. |  |
|  | ☐ 870 Taxes (US plaintiff or defendant | ☐ 460 Deportation |  |
|  | ☐ 871 IRS-Third Party 26 USC 7609 |  |  |

| ☐ G. *Habeas Corpus/ 2255* ☐ 530 Habeas Corpus-General ☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination* ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) *(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT* ☐ 895 Freedom of Information Act ☐ 890 Other Statutory Actions (if Privacy Act) *(If pro se, select this deck)* | ☐ J. *Student Loan* ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)* ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act ☐ 740 Labor Railway Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)* ☐ 441 Voting (if not Voting Rights Act) ☐ 443 Housing/Accommodations ☐ 444 Welfare ☐ 440 Other Civil Rights ☐ 445 American w/Disabilities-Employment ☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract* ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholder's Suits ☐ 190 Other Contracts ☐ 195 Contract Product Liability ☐ 196 Franchise | ☐ N. *Three-Judge Court* ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
§706 of the APA, 5 U.S.C. §706. Plaintiff appeals Defendants actions of allowing staff members to make substantive/legal decisions for ABCMR issues and appeals ABCMR denial.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   **DEMAND $**   Check YES only if demanded in complaint   **JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES ☐ NO   If yes, please complete related case form.

DATE 11/9/07   SIGNATURE OF ATTORNEY OF RECORD *Carolyn Elefant*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

RECEIVED
NOV - 9 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT