UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROLAND JONES
1390 Heatherland Drive
Atlanta, Georgia 30331
Plaintiff

v.

Hon. PETE GEREN,
Secretary of the Army
101 Army Pentagon
Room No. 3E560
Washington, D.C. 22310-0101,

ARMY REVIEW BOARDS AGENCY
1901 South Bell Street 2nd Floor
Arlington, VA 22202-4508

G.E. VANDERBERG
Analyst, Reconsideration Team
1901 South Bell Street, 2nd Floor
Arlington, Virginia 22202-4508,

PHYLLIS A. CARRINGTON, Chief Analyst,
Client Information & Quality Assurance
1901 South Bell Street, 2nd Floor
Arlington, Virginia 22202-4508,

CARL W.S. CHUN, Director
Board for Correction of Military
Records
1901 South Bell Street, 2nd Floor
Arlington, Virginia 22202-4508,

RICK A. SCHWEIGERT, Chief
Congressional and Special Actions
1901 South Bell Street, 2nd Floor
Arlington, Virginia 22202-4508,

and

DEPARTMENT OF THE ARMY
101 Army Pentagon
Room No. 3E560
Washington, D.C. 22310-0101

Defendants

C.A.: 1:07-CV-02041
Judge Paul L. Friedman

AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
AND PETITION FOR WRIT OF MANDAMUS

NATURE OF ACTION

1. This is an action seeking judicial review under the Administrative Procedure Act, 5 U.S.C. § 701, *et. seq.* of a final agency decision of the Army Board for Correction of Military Records ("ABCMR"). On June 6, 2005, May 24, 2005, April 21, 2005, February 16, 2002, and March 29, 1999, the ABCMR returned Plaintiff's Request for Reconsideration without action in violation of the Administrative Procedure Act, 5 U.S.C. § 701, *et. seq.*

2. Plaintiff's July 3, 1998, submission to the ABCMR, submitted without the assistance of counsel, raised new legal and factual arguments to be granted Reconsideration and/or to be considered as a new application for merit – ABCMR's March 29, 1999, decision was arbitrary and capricious and contradictory as a matter of law.

3. Plaintiff's May 27, 2005, May 6, 2005, May 28, 2004, February 16, 2002, and July 10, 1998, submissions directly and/or indirectly to the ABCMR, submitted without the assistance of counsel, raised new legal and factual arguments to be granted Reconsideration and/or to be considered as a new application for merit – the Secretary's June 6, 2005, May 24, 2005, April 21, 2005, February 16, 2002, actions were arbitrary and capricious and contradictory as a matter of law by allowing staff members, not the Board Members of the ABCMR, determine if Plaintiff's assertions had any merit for consideration.

4. Accordingly, Plaintiff seeks a declaration that the ABCMR's June 6, 2005, May 24, 2005, April 21, 2005, February 16, 2002, and March 29, 1999, decisions be set aside and petitions the Court to issue a Writ of Mandamus directing the Secretary of the Army to either (i) reinstate Plaintiff back into the U.S. Army, provide back pay and past, present and future benefits, and present him to two Review Boards for promotion, or (ii) retroactively promote Plaintiff to Lieutenant Colonel permanent with back pay and past, present and future benefits, or (iii) remand this case back to the Secretary with instructions to have the ABCMR review this case *de novo* and follow this Court's precedent from Dilley and its progeny.

JURISDICTION AND VENUE

5. Subject matter jurisdiction over this action is conferred by 28 U.S.C. § 1331. This action presents federal questions pursuant to the Administrative Procedure Act, 5 U.S.C. § 701, *et. seq.* This Court has personal jurisdiction over the parties pursuant to 5 U.S.C. § 702.

6. Venue lies in this district under 28 U.S.C. § 1391(e). Relief may be awarded pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 703 and 706, the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the All-Writs Act, 28 U.S.C. § 1651.

PARTIES

7. Plaintiff Roland Jones served in the U.S. Army from June 1, 1959, until September 30,

1980. He had been up for promotion in the early 1980s. The Review Board had before it two passover letters from two illegally constituted Review Boards in the mid 1970s. Due to the denial of promotion, he was forced to retire on or about August 30, 1980. *See* 10 U.S.C. §632.

8. Defendant The Hon. Pete Geren is the Secretary of the Army, and is a named defendant in his official capacity. Secretary Geren is authorized by 10 U.S.C. § 1552(a)(1) to correct any military record that is necessary to correct an error or remove an injustice.

9. Defendant G.E. Vanderberg is an Analyst for the Reconsideration Team of the Army Board for Correction of Military Records, and is a named defendant in his official capacity. Subsection 1552(a)(1) requires the Secretary to correct errors or injustices in military records by acting through boards of civilians. Mr. Vanderberg is an Analyst with the ABCMR, which is an "agency" within the meaning of the Administrative Procedure Act, 5 U.S.C. § 701(b)(1).

10. Defendant Phyllis A. Carrington is a Chief Analyst, Client Information & Quality Assurance, and is a named defendant in her official capacity. Subsection 1552(a)(1) requires the Secretary to correct errors or injustices in military records by acting through boards of civilians. Ms. Carrington is an Analyst with the ABCMR, which is an "agency" within the meaning of the Administrative Procedure Act, 5 U.S.C. § 701(b)(1).

11. Defendant Carl W. S. Chun is the Director for the Army Board for Correction of Military Records, and is a named defendant in his official capacity. Subsection 1552(a)(1) requires the Secretary to correct errors or injustices in military records by acting through boards of civilians. Mr. Chun is the Director of the ABCMR, which is an "agency" within the meaning of the Administrative Procedure Act, 5 U.S.C. § 701(b)(1).

12. Defendant Rick A. Schweigert is Chief of Congressional and Special Actions (for the Department of the Army), and is a named defendant in his official capacity. Subsection 1552(a)(1) requires the Secretary to correct errors or injustices in military records by acting through boards of civilians. Mr. Schweigert is an employee of the ABCMR, which is an "agency" within the meaning of the Administrative Procedure Act, 5 U.S.C. § 701(b)(1).

13. Defendant Department of the Army is the agency that has custody of the records of Plaintiff's military service. It is also the agency under which the Board for the Correction of Military Records operates.

FACTUAL ALLEGATIONS

Plaintiff's Military Service

14. On June 1, 1959, Plaintiff joined the military and rose to the rank of Major by 1974.

15. On July 9, 1974, Plaintiff was passed over for promotion iby an illegally constituted promotion board. On May 12, 1975, Plaintiff was passed over again for promotion. This promotion board had before it a passover letter from the illegally constituted board. For a further explanation of these "illegally constituted boards," please see generally Dilley v. Alexander, 603 F.2d 914 (C.A.D.C., 1979) and Dilley discussed below at 16. The

Secretary through the ABCMR took corrective measures on July 28, 1976, and retroactively promoted Plaintiff, along with other service members. Plaintiff was promoted to Lieutenant Colonel temporary.

16. In Dilley v. Alexander, 603 F.2d 914 (C.A.D.C., 1979), Appellants were entitled not to have passover letters in their file from illegally constituted boards when they were before a Relook Board; in other words, they were entitled to be placed in a position had the illegally constituted board's decisions not been placed in Appellants' files.

17. On or about 1980, Plaintiff was up for promotion to Lieutenant Colonel permanent. Plaintiff was passed over twice. The Promotion Board had before it the two passover letters from the illegally constituted Boards of the mid-1970s.

18. On September 30, 1980, Plaintiff was forced to retire. 10 U.S.C §632 requires a Major (or Lieutenant Colonel temporary) to retire if he/she has been passed over twice for promotion.

Plaintiff's Requests for an Upgrade/Correction to His Military Records

19. On or about June 29, 1983, ABCMR denied Plaintiff's request for an upgrade/correction to his discharge. Plaintiff had alleged that he was discriminated based on race during the promotion board process. On or about May 7, 1984, April 25, 1984, March 27, 1985, April 8, 1985, ABCMR denied Plaintiff's request for reconsideration of ABCMR's June 29, 1983, denial.

20. On or about June 10, 1998, ABCMR denied Plaintiff's request for an upgrade/correction to his military records. Plaintiff, who was still acting without counsel, had learned that the passover letters from the mid-1970s were before the Promotion Board when Plaintiff was up for promotion in the early 1980s. ABCMR opined:

> There is no evidence that any promotion selection board that considered the application for promotion to colonel either saw or were in any way influenced by the letter the applicant cites. Those documents were stamped "PERMANENT" to indicate that they were to be filed in his Official Military Personal File, not to signify that he was permanently non-selected for promotion to lieutenant colonel [permanent] was necessarily prejudicial once the applicant had been promoted to that rank and was being considered for promotion to colonel.

21. On or about May 29, 1999, the ABCMR, with Defendant Vanderberg as its Analyst, rejected Plaintiff's request for an upgrade/correction, finding that Plaintiff's case had already been reviewed and apparently finding that Plaintiff failed to submit sufficient relevant evidence to demonstrate the existence of probable error or injustice.

22. On or about January 9, 2001, the ABCMR with Defendant Phyllis A. Carrington as its Chief Analyst, Client Information & Quality Assurance, rejected Plaintiff's July 12, 2000, request for reconsideration, citing that Plaintiff had failed to provide "'new, relevant evidence not previously reviewed by the staff of the Board." The Honorable John Lewis had to intervene for apparently the ABCMR had sent the "wrong decision document" to Plaintiff on June 10, 1998, and the correct decision was later sent to him on or about March 27, 2001.

23. On September 6, 2001, the ABCMR, with Defendant Chun as its Director, rejected Plaintiff's request for a records correction, finding that Plaintiff had already submitted two requests of records upgrade/correction with the BCMR and had been denied twice. Defendant Chun informed Plaintiff that he had exhausted all administrative remedies. Defendant Chun informed Plaintiff that he had the "option to seek relief in a court of appropriate jurisdiction." Defendant Chun noted that "[t]he ABCMR will not consider any further request for reconsideration of this matter."

24. On May 24, 2005, and June 6, 2005, the Department of the Army, with Defendant Rick A. Schweigert as its Chief, Congressional and Special Actions, rejected Plaintiff's request (without the assistance of counsel) for a records correction, finding that Plaintiff had already exhausted his appellate rights before the ABCMR. Defendant Schweigert noted both times: "You may seek relief through a federal court of appropriate jurisdiction."

FIRST CLAIM FOR RELIEF
ADMINISTRATIVE PROCEDURE ACT

25. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 24 above, as it fully set forth herein.

26. The ABCMR's decision of March 29, 1999, and its subsequent decisions of February 16, 2002, April 21, 2005, May 24, 2005, June 6, 2005, which relied upon the June 10, 1998, decision, contained manifest error and were clearly erroneous because these decisions made conclusions that were either contradicted or not supported by the record, and ignored this Court's precedent. Accordingly, these decisions were arbitrary, capricious, an abuse of discretion, or otherwise contrary to law and must be set aside under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A).

SECOND CLAIM FOR RELIEF
ADMINISTRATIVE PROCEDURE ACT

27. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 26 above, as it fully set forth herein.

28. The June 6, 2005, May 24, 2005, April 21, 2005, February 16, 2002, and March 29, 1999, refusals of the ABCMR to reconsider Plaintiff's May 27, 2005, May 6, 2005, May 28, 2004, February 16, 2002, September 13, 2000, July 3, 1998, Requests for Reconsideration, which showed that the ABCMR's June 10, 1998 and subsequent decisions contained factual and legal errors and which was based on the submission of new issues and new and material evidence, was arbitrary, capricious, an abuse of discretion, or otherwise contrary to law and must be set aside under the Administrative Procedure Act, 5 U.S.C. §706(2)(A).

THIRD CLAIM FOR RELIEF
SECTION 1552 OF TITLE 10, U.S.C.

29. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 29 above, as it fully set forth herein.

30. The ABCMR decisions described in ABCMR's letters of June 6, 2005, May 24, 2005, April 21, 2005, February 16, 2002, and March 29, 1999, were made by staff and not the Board, and, accordingly violate the provisions of 10 U.S.C. § 1552.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Roland Jones prays this Court to enter judgment in favor of the Plaintiff as follows:

1. Holding unlawful and setting aside the June 10, 1998, decision of the ABCMR, and subsequent decisions on June 6, 2005, May 24, 2005, April 21, 2005, February 16, 2002, and March 29, 1999, denying Plaintiff's application for an upgrade/correction to his military records.

2. Holding unlawful and setting aside the June 6, 2005, May 24, 2005, April 21, 2005, February 16, 2002, and March 29, 1999, ABCMR refusals to consider Plaintiff's Requests for Reconsideration.

3. Issuing a Writ of Mandamus directing the Secretary of the Army to re-characterize Plaintiff's September 30, 1980, discharge as a promotion to Lieutenant Colonel permanent or Colonel full with full back pay until what should have been his next promotion board where reevaluation would need to be made for his next possible promotion or retirement.

4. In the alternative, remanding this case to the ABCMR with instructions to consider the new issues and the new and material evidence supplied by Plaintiff in his Requests for Reconsideration denied by ABCMR on June 6, 2005, May 24, 2005, April 21, 2005, February 16, 2002, and March 29, 1999, in accordance with Dilley and its progeny.

5. Awarding Plaintiff his costs and attorneys fees; including Equal Act to Justice Act fees.

6. Granting such other relief as the Court deems just and proper.

Dated: January 15, 2008

Respectively Submitted,

Law Offices of Carolyn Elefant
Carolyn Elefant by Michael D.J. Eisenberg per phone authorization on 1/15/08
Carolyn Elefant
DC Bar Number: 425433
1717 K Street, N.W. Ste. 600
Washington D.C. 20036
O: (202) 297-6100
F: 305-675-8075
loce@his.com
Lead Attorney

LAW OFFICE OF MICHAEL D.J. EISENBERG
ATTORNEY AND COUNSELOR AT LAW

Michael D.J. Eisenberg
Michael D.J. Eisenberg
DC Bar Number: 486251
700 12th Street, NW
Suite 700
Washington, DC 20005
O: (202) 558-6371
F: (202) 403-3430
michael@eisenberg-lawoffice.com
Co-Counsel for the Plaintiff
Roland Jones

CERTIFICATE OF SERVICE

I certify that on January 15, 2008 I have sent a copy of this Amended Complaint by USPS, 1st class, postage prepaid, to the following:

THE HON PRESTON M. GEREN, III
Secretary of the Army
101 Army Pentagon
Washington, DC 20310-0101

ARMY REVIEW BOARDS AGENCY
1901 South Bell Street 2nd Floor
Arlington, VA 22202-4508

G.E. VANDERBERG
Analyst, Reconsideration Team
1901 South Bell Street, 2d Floor
Arlington, Virginia 22202-4508

PHYLLIS A. CARRINGTON, Chief Analyst,
Client Information & Quality Assurance
1901 South Bell Street, 2d Floor
Arlington, Virginia 22202-4508,

CARL W.S. CHUN, Director
Army Board for Correction of Military Records
1901 South Bell Street, 2d Floor
Arlington, Virginia 22202-4508,

RICK A. SCHWEIGERT, Chief
Congressional and Special Actions
1901 South Bell Street, 2d Floor
Arlington, Virginia 22202-4508,

Chief, U.S. Army Litigation Division
901 N. Stuart Street, Suite 400
Arlington, VA 22203-1837

PETER D. KEISLER, Acting Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

US Attorney for the District of Columbia
Jeffrey A. Taylor, USA
Judiciary Center Building
555 Fourth Street, NW
Washington, DC 20530

Michael D.J. Eisenberg