## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| **ROLAND JONES** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Civil Action No. 07-2041 (PLF)** |
| | ) |
| **PETE GEREN,** | ) |
| **Secretary of the Army, <u>et</u> <u>al</u>.,** | ) |
| | ) |
| **Defendants.** | ) |

_____)

### DEFENDANT'S MOTION TO DISMISS

Defendant hereby moves to dismiss Plaintiff's Amended Complaint due to lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(1), failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6), and *res judicata*. In support of this Motion, the Court is referred to the accompanying Memorandum of Points and Authorities. A proposed Order consistent with this Motion is attached hereto.

Respectfully submitted,


___/s/_____
JEFFREY A. TAYLOR, D.C.  Bar # 498610
United States Attorney


___/s/_____
RUDOLPH CONTRERAS D.C. Bar # 34122
Assistant United States Attorney


___/s/_____
BRIAN BALDRATE
Special Assistant U.S.  Attorney
555 Fourth Street, N.W.
Room E4408
Washington, D.C.  20530
Ph: (202) 353-9895
Attorneys for Defendant


Of Counsel:
MAJOR JOSHUA M. TOMAN
U.S. Army Legal Services Agency
901 North Stuart Street
Arlington, Virginia  22203-1837

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |  |
|---|---|---|
| **ROLAND JONES** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 07-2041 (PLF)** |
| | ) | |
| **PETE GEREN,** | ) | |
| **Secretary of the Army, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

_____)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**

Defendant, by and through his undersigned attorneys, files this Memorandum in support of Defendant's Motion to Dismiss. Plaintiff's Amended Complaint ("Am. Compl.") should be dismissed pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(1) on the ground that this Court lacks subject matter jurisdiction, and Fed. R. Civ. P. 12(b)(6) on the grounds that Plaintiff has failed to state a claim upon which relief can be granted and on principles of *res judicata.*

## I. INTRODUCTION

Plaintiff, a former soldier in the United States Army, seeks retroactive and automatic promotion under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, et. seq., 28 U.S.C. § 1331, the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, the All-Writs Act, 28 U.S.C. § 1651, and although not specifically cited by Plaintiff in the Jurisdictional section of the Complaint, the Mandamus Act, 28 U.S.C. § 1361. Compare (Am. Compl. at 2, ¶¶ 5-6, (Jurisdiction and Venue)) with (Am. Compl. at 6, ¶ 5 (Prayer for mandamus relief).) Plaintiff was a member of the United States Army from 1959 until his involuntary retirement in 1980 as a

result of twice being non-selected for promotion to lieutenant colonel ("LTC") in the Regular

Army. Plaintiff, a black male, claims that his forced retirement resulted from a systematic policy

of institutional discrimination and conspiratorial acts by the Army Board for the Correction of

Military Records ("ABCMR")[1] for failing to act upon his applications for correction of alleged

errors in his military records.

       Plaintiff filed this lawsuit in November 2007, challenging the ABCMR's 1998 denial of

reconsideration, as well as five of the numerous subsequent denials of his reconsideration

requests.[2] Plaintiff alleges that the June 1998 ABCMR decision is arbitrary, capricious, and

contrary to law and regulations because it relied on the prior 1983 ABCMR decision. (Am.

Compl. at 4, ¶ 19.) Plaintiff further alleges that the ABCMR denials of reconsideration are an

abuse of discretion, and were arbitrary, capricious, and contrary to law because they were based

upon allegedly incorrect analysis in the 1998 ABCMR denial of reconsideration. (Am. Compl.

at 5, ¶¶ 26, 28.)[3] Plaintiff additionally alleges the ABCMR denials of reconsideration violated

---

[1] The Army Board for Correction of Military Records is composed of civilians appointed by the Secretary of the Army, and has statutory authority to "correct any [Army] record" in order to "remove error or injustice." 10 U.S.C. § 1552(a).

[2] Plaintiff Amended his Complaint ("Am. Compl.") on January 18, 2008. R. # 13. Plaintiff is directly challenging the last full ABCMR denial of reconsideration dated June 10, 1998, by this lawsuit, Plaintiff is indirectly challenging the first ABCMR "decision" dated June 29, 1983. (Am. Compl. at 4, ¶¶ 19-20.) Regarding the 1998 ABCMR denial of reconsideration, Plaintiff's Complaint, as listed in paragraph one, also challenges some of the reconsideration denials by the ABCMR dated: June 6, 2005; May 24, 2005; April 21, 2005; February 16, 2002; and March 29, 1999. (Am. Compl. at 2, ¶ 1.) The Complaint also notes other ABCMR denials of reconsideration but does not challenge the following denials dated: September 6, 2001; (Am. Compl. at 5, ¶ 23); January 9, 2001; (Am. Compl. at 4, ¶ 22); and May 29, 1999; (Am. Compl. at 4, ¶ 21.)

[3] Plaintiff's Complaint lacks consistency with respect to the exact ABCMR decisions challenged. For clarity, defendant presumes Plaintiff challenges every ABCMR decision and denial of reconsideration.

the provisions of 10 U.S.C. § 1552 because the ABCMR staff, and not the ABCMR, considered and returned the applications to Plaintiff without any action. (Am. Compl. at 6, ¶ 30.)

Plaintiff's Complaint requests equitable relief, to include an order (1) setting aside the June 1998 ABCMR decision and the subsequent ABCMR decisions on March 29, 1999, [March 15, 2002],[4] April 21, 2005, May 24, 2005, and June 6, 2005; (2) setting aside the March 29, 1999, [March 15, 2002], April 21, 2005, May 24, 2005, and June 6, 2005 ABCMR refusals to consider Plaintiff's request for reconsideration; (3) issuing a writ of mandamus directing the Secretary to promote Plaintiff to Lieutenant Colonel or Colonel, retroactive to his September 30, 1980 discharge; and (4) alternatively, remand to the ABCMR with instructions for the ABCMR to consider the new issues and new material evidence provided in Plaintiff's March 29, 1999, [March 15, 2002], April 21, 2005, May 24, 2005, and June 6, 2005 submissions. (Am. Compl. at 6, Prayer for Relief.)

## II. FACTS

Plaintiff bombarded the ABCMR with pro-se applications for the correction of his military records and requests for reconsideration when the ABCMR denied his requests for relief. Likewise, Plaintiff challenged, pro-se, the ABCMR decisions numerous times in federal district court. After his complaints were dismissed in federal district court, Plaintiff challenged the district court decisions in the federal court of appeals. In both the administrative and legal arenas, Plaintiff repeatedly filed appeals or requests for reconsideration, but never obtained relief.

---

[4] Plaintiff's counsel corrected a discrepancy in the reconsideration sequence by stating that the ABCMR denial of reconsideration listed as February 16, 2002 in the Complaint should actually be dated March 15, 2002.

A.  **ABCMR Decisions on Plaintiff's Reconsideration Requests**.

The ABCMR denied Plaintiff's application for correction of his promotion files in June 1983 and again in June 1998.  The ABCMR has denied all of Plaintiff's requests for reconsideration since that time.  The 1983 ABCMR decision noted an error in Plaintiff's promotion files, not related to alleged passover letters, and two subsequent Special Selection Boards ("SSB")[5] were convened to reconsider him for promotion to LTC under the criteria in effect for the Fiscal Year ("FY") 1979 and 1980 LTC promotion boards.  The Plaintiff was not selected for promotion by either of the SSBs.

Plaintiff challenged the 1983 ABCMR decision in his last full ABCMR denial of reconsideration 1998.  (Am. Compl. at 4, ¶ 20.)  Between the 1983 and 1998 ABCMR actions, Plaintiff received two additional ABCMR reconsideration decisions dated: April 25, 1984 and March 27, 1985.[6]  (Am. Compl. at 4, ¶ 19.)  Thus, the 1998 "decision" was the fourth ABCMR review of Plaintiff's application.  In this 1998 denial of reconsideration, the ABCMR reviewed Plaintiff's application and determined "[t]here is no evidence that any promotion selection board that considered the application for promotion to colonel either saw or were in any way influenced by the [passover] letter the applicant cites."  (Am. Compl. at 4, ¶ 20.)  Plaintiff filed for reconsideration in July 1998;[7] which was denied in March 1999. (Am. Compl. at 2 ¶ 3.)  In

_____

[5]  A Special Selection Board is composed of five or more officers meeting the criteria of 10 U.S.C. § 612(a), appointed by the Secretary of the Army to determine whether a person, "who was considered for selection for promotion by a promotion board but was not selected . . . [due to] material unfairness . . . should be recommended for promotion."  10 U.S.C. § 628.

[6]  The Complaint lists four dates for ABCMR decisions but the latter date in each year refers to the date of the ABCMR memorandum notifying Plaintiff of the ABCMR decision.

[7]  Defendant presumes that the correct date of the Plaintiff's application is July 3, 1998 and not July 10, 1998.  Compare (Am. Compl. at 2, ¶ 2,) with (Am. Compl. at 2, ¶ 3).)

the 1999 ABCMR denial, Plaintiff was informed that his application was denied because his case had previously been reconsidered. Id.[8] Plaintiff filed for reconsideration in July 2000, (Am. Compl. at 4, ¶ 22,) and in September 2000, (Am. Compl. at 5, ¶ 28,) and the ABCMR denied reconsideration of the requests on January 9, 2001. (Am. Compl. at 4, ¶ 22.) As in the previous ABCMR denials of reconsideration, Plaintiff was informed that the denial was based on a failure to provide "new, relevant evidence not previously reviewed by the staff of the Board." Id. Plaintiff filed for reconsideration again and the ABMCR denied reconsideration on September 6, 2001. (Am. Compl. at ¶ 23.) In that notice of denial, the ABCMR director informed Plaintiff that he had exhausted his administrative remedies because Plaintiff had already submitted two requests for records correction which were denied by the ABCMR. Id. Plaintiff again filed for reconsideration and again was denied reconsideration in 2002. (Am. Compl. at 5, ¶ 28.)

Plaintiff's next series of filings and corresponding denials followed a similar cycle. Plaintiff filed for reconsideration in May 2004 and the ABCMR denied reconsideration in April 2005. (Am. Compl. at 5, ¶ 28.) Plaintiff immediately filed for reconsideration on May 6, 2005 but the ABCMR denied reconsideration on May 24, 2005. (Id.) Plaintiff filed his last reconsideration application on May 27, 2005 and the ABCMR denied reconsideration on June 6, 2005. ( Id.)

**B. Previous Federal Court Litigation.**

On April 1, 1988, Plaintiff filed a pro-se complaint in the United States District Court for

---

[8] Plaintiff acknowledges the ABCMR denied relief because of Plaintiff's previous reconsideration, but the Complaint also makes the unsupported allegation that the ABCMR returned the application by "apparently finding that Plaintiff failed to submit sufficient relevant evidence to demonstrate the existence of probable error or injustice." (Am. Compl. at 4, ¶ 21.)

5

the Northern District of Georgia, Atlanta Division, against the Secretary of the Army, the Department of the Army, the Army Board for Correction of Military Records ("ABCMR"), the Total Army Personnel Agency, and two government employees who served as the Executive Secretaries for the ABCMR. Plaintiff was seeking a declaratory judgment that the defendants violated Plaintiff's civil rights, an injunction to prohibit defendants from discriminating against Plaintiff, an order requiring defendants to revise his officer evaluation reports ("OERs"), in addition to reinstatement, retirement at the highest rank attained by any white officer in Plaintiff's 1959 year group, back pay, and punitive damages against the Army, the ABCMR and the individual ABCMR Executive Secretaries. Jones v. Sec'y of the Army, et al, No. 88-00727 (N.D. Ga. Sep. 30, 1991). Plaintiff challenged the ABCMR's June 29, 1983 denial of relief and the subsequent denials of reconsideration. Plaintiff alleged that the ABCMR decisions to deny him relief were arbitrary, capricious, and not supported by substantial evidence. In 1991, the District Court entered judgment for defendants and the Eleventh Circuit Court of Appeals affirmed the trial court's decision.[9] (Defense Ex 1.) In 1993, the District Court denied plaintiff's motion for a new trial, and the Eleventh Circuit affirmed the denial. Jones v. Sec'y of the Army, 63 F.3d 1112 (11th Cir. 1995). In March 1996, the United States Supreme Court denied Plaintiff's Petition for Writ of Certiorari. Jones v. West, 516 U.S. 1172 (1996). In March 1999, the District Court denied Plaintiff's new filing seeking relief from the earlier judgment of the

---

[9] Plaintiff's Title VII and institutional discrimination claims were dismissed by the District Court in Orders dated October 17, 1988 and April 28, 1989. The Secretary of the Army filed a Motion To Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing Plaintiff's claims challenged a nonreviewable military personnel decision, and that the decisions of the ABCMR were not arbitrary, or capricious, and were supported by substantial evidence pursuant to Skinner v. United States, 594 F.2d 830 (Ct. Cl. 1978); Greig v. United States, 640 F.2d 1261, 1266 (Ct. Cl. 1981).

Court, and the Eleventh Circuit affirmed the denial in January 2000. Jones v. Sec'y of the Army, 207 F.3d 664 (11th Cir. Ga. 2000), *reh'g en banc denied*, 212 F.3d 602; (Defense Ex. 1.)

### III. STANDARD OF REVIEW

#### A. Lack of Subject Matter Jurisdiction Under Fed. R. Civ. P. 12(b)(1).

Federal courts are courts of limited jurisdiction, and they lack the power to presume the existence of jurisdiction in order to dispose of a case on any other grounds. Tuck v. Pan Am. Health Org., 668 F.2d 547, 549 (D.C. Cir. 1981). Jurisdiction is a threshold matter; without it, this Court has no authority to decide other potentially dispositive issues in this case. See Ticor Title Ins. Co. v. FTC, 814 F.2d 731, 757 (D.C. Cir. 1987). Under Rule 12(b)(1), the party seeking to invoke the jurisdiction of a federal court–the Plaintiff in this case–bears the burden of establishing that the court has jurisdiction. See US Ecology, Inc. v. United States DOI, 231 F.3d 20, 24 (D.C. Cir. 2000) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04 (1998)); see also Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001) (a Court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority."); Pitney Bowes, Inc. v. United States Postal Serv., 27 F. Supp. 2d 15, 19 (D.D.C. 1998). In considering a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all material factual allegations in the complaint. Hohri v. United States, 782 F.2d 227, 241 (D.C. Cir. 1986), vacated on other grounds, 482 U.S. 64 (1987). In deciding a 12(b)(1) motion, the Court need not limit itself to the allegations of the complaint. See Hohri, 782 F.2d at 241. Rather, "the court may consider such materials outside the pleadings as it deems appropriate to resolve the question whether it has jurisdiction in the case." Scolaro v.

D.C. Board of Elections and Ethics, 104 F. Supp.2d 18, 22 (D.D.C. 2000)(citing Herbert v. Nat'l

Academy of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992)).

**B. Failure to State A Claim Under Fed. R. Civ. P. 12(b)(6).**

A case must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim

upon which relief can be granted if the complaint does not plead "enough facts to state a claim to

relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

The allegations in a plaintiff's complaint are presumed true at this stage and all reasonable

factual inferences must be construed in plaintiff's favor. Maljack Prods., Inc. v. Motion Picture

Ass'n of Am., Inc., 311 U.S. App. D.C. 224, 52 F.3d 373, 375 (D.C. Cir. 1995). However, "the

court need not accept inferences drawn by plaintiff if such inferences are unsupported by the

facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of

factual allegations." Kowal v. MCI Commc'ns Corp., 305 U.S. App. D.C. 60, 16 F.3d 1271,

1276 (D.C. Cir. 1994). The Court must determine whether the "[f]actual allegations . . . raise a

right to relief above the speculative level, on the assumption that all the allegations in the

complaint are true." See Bell Atl., 127 S. Ct. at 1965 (citations omitted); Vance v. Chao, 2007

U.S. Dist. LEXIS 55971 (D.D.C. 2007). Pursuant to Fed. R. Civ. P. 12(b), this Court may

convert a motion to dismiss for failure to state a claim into a motion for summary judgment if

matters outside the pleadings are considered by the Court. See Fed. R. Civ. P. 12(b).

**C. Review is Limited Under the Administrative Procedures Act.**

When called upon to review a decision of a military records correction board, the

standard of review is whether the decision is arbitrary, capricious, unsupported by substantial

8

evidence, or contrary to law.  Chappell v. Wallace, 462 U.S. 296, 303 (1983).   To prevail in this

Court, a plaintiff "must overcome the strong, but rebuttable, presumption that administrators of

the military, like other public officers, discharge their duties correctly, lawfully, and in good

faith."  Frizelle v. Slater, 111 F.3d 172, 177 (D.C. Cir. 1997) (quoting Sanders v. United States,

594 F.2d 804, 813 (Cl. Ct. 1979)).  To rebut this presumption, a plaintiff bears the burden of

demonstrating through "cogent and clearly convincing evidence," that the ABCMR's findings

were arbitrary, capricious, unsupported by substantial evidence, or contrary to law or

regulations.  Calloway v. Brownlee, 366 F. Supp. 2d 43, 53 (D.D.C. 2005); McDougall v.

Widnall, 20 F.Supp. 2d 78, 82 (D.D.C. 1998).  Due to this very high standard, only the most

egregious agency decisions do not satisfy this very deferential standard of review.  Kreis v. Air

Force, 866 F.2d 1508, 1515 (D.C. Cir. 1989).  In reviewing an agency's action under the APA

standard, the Court is limited to reviewing the administrative record that was in front of the

agency when it made its decision.  Commercial Drapery v. United States, 133 F.3d 1, 7 (D.C.

Cir. 1998).  The Court "will not disturb the decision of an agency that has examined the relevant

data and articulated a satisfactory explanation for its action including a rational connection

between the facts found and the choice made."  MD Pharm. Inc. v. Drug Enforcement

Administration, 133 F.3d 8, 16 (D.C. Cir. 1998).  The explanation for its action "does not mean

that an agency's decision must be a model of analytic precision to survive a challenge."  Dickson

v. Sec'y of Defense, 68 F.3d 1396, 1404 (D.C. Cir. 1995).  A reviewing court will "uphold a

decision of less than ideal clarity if the agency's path may reasonably be discerned."  Id.  Even if

reasonable minds might reach differing conclusions, the court is not empowered to substitute its

judgment for that of the agency.  U.S.P.S. v. Gregory, 534 U.S. 1, 11 (2001).

"When reviewing a decision by a military Correction Board, a Court must do so under an 'unusually deferential application of the arbitrary and capricious standard of the APA.'" Lebrun v. England, 212 F. Supp. 2d 5, 14 (D.D.C. 2002)(quoting Musengo v. White, 286 F.3d 535, 538 (D.C. Cir. 2002)); see also Piersal v. Winter, 435 F.3d 319 (D.C. Cir. 2006)(Review of military correction board decision is to be under a particularly deferential standard of review). "Moreover, military boards such as the ABCMR are entitled to even greater deference than civilian administrative agencies." Labin v. Harvey, 2006 U.S. Dist. LEXIS 17937, *18 (D.D.C. April 10, 2006)(citing Calloway, 366 F. Supp. 2d at 53). A court need only find that the ABCMR's decision "minimally contains a rational connection between the facts found and the choice made." Labin, at *19 (quoting Frizelle, 111 F.3d at 176).

## IV.  SUMMARY OF ARGUMENT

Plaintiff's claims are barred by *res judicata*. Plaintiff does not have a  right to mandamus relief because Defendant does not have a clear, non-discretionary duty to provide Plaintiff the relief he seeks, and Plaintiff has other adequate remedies. In addition to *res judicata* any challenge by Plaintiff to either his 1980 discharge or the ABCMR decisions prior to November 2001, must be dismissed due to the statute of limitations. The ABCMR staff properly complied with a reasonable interpretation of the Army's regulations and did not violate 10 U.S.C. § 1552 as interpreted by Lipsman v. Sec'y of Army, 335 F. Supp. 2d 48 (D.D.C. 2004), when it denied reconsideration of Plaintiff's applications.

## VI.  ARGUMENT

### A.  Plaintiff's Claims Must Be Dismissed Under the Doctrine of *Res Judicata*.

Plaintiff's claims that the ABCMR violated the APA by denying Plaintiff relief must be

dismissed under the doctrine of *res judicata*. Plaintiff unsuccessfully litigated the events and

issues in Counts I and II of his Complaint before the District Court for the Northern District of

Georgia and the Court of Appeals for the Eleventh Circuit. Jones v. Sec'y of Army, Docket Nos.

88-00727; 99-11525. (Defense Ex. 1). The Eleventh Circuit issued three judgments involving

the same parties which affirmed the District Court's rulings upholding the ABCMR's decisions.

"The doctrine of res judicata prevents repetitious litigation involving the same causes of action

or the same issues."Amore v. Accor N. Am., Inc., 2008 U.S. Dist. LEXIS 1491 (D.D.C. 2008)

(citing I.A.M. Nat'l Pension Fund. v. Indus. Gear Mfg. Co., 723 F.2d 944, 946 (D.C. Cir. 1983).

*Res judicata*, or claim preclusion, "prevents a party from suing on a claim which has been

previously litigated to a final judgment by that party." 18-131 Moore's Federal Practice - Civil §

131.10 (Matthew Bender 2007). It also "precludes the assertion by such parties of any legal

theory, cause of action, or defense which could have been asserted in that action. Issue

preclusion prevents relitigation of issues actually litigated and necessary for the outcome of the

prior suit, even if the current action involves different claims." Id. As the D.C. Circuit has held,

*res judicata*

> is designed to conserve judicial resources, avoid inconsistent results, engender
> respect for judgments of predictable and certain effect, and to prevent serial
> forum-shopping and piecemeal litigation. Under the doctrine, the parties to a suit
> and their privies are bound by a final judgment and may not relitigate any ground
> for relief which they already have had an opportunity to litigate even if they chose
> not to exploit that opportunity whether the initial judgment was erroneous or not.
> n21 The appeal process is available to correct error; subsequent litigation is not.

Hardison v. Alexander, 655 F.2d 1281, 1288 (D.C. Cir. 1981). See also Charkes T. Sherwin v.

Dept. of the Air Force, 955 F. Supp. 140, 142 (D.D.C. 1997)(quoting Hardison, 655 F.2d. At

1288); Drake v. FAA, 291 F.3d 59, 66 (D.C. Cir. 2002) (quoting Allen v. McCurry, 449 U.S. 90,

11

94 (1980).

In the current Complaint, Counts I and II clearly must be dismissed because the same issues involving the same parties were resolved by the above-cited District Court for the Northern District of Georgia and the Eleventh Circuit. (Defense Ex. 1.)  Plaintiff's claims involve the very same issues and the very same parties and *res judicata* plainly bars relitigation of theses claims.  Similarly, *res judicata* should bar Count III, which challenges the ABCMR's subsequent denials of Plaintiff's requests for reconsideration after the government succeeded in federal court. In <u>Hardison</u> Plaintiff argued that *res judicata* did not apply because the ABCMR willingly re-considered the agency decision after it successfully secured judgment in a lawsuit. As the D.C. Circuit noted in <u>Hardison</u>, even if the Court could construe the ABCMR's action as a waiver of  *res judicata*  it would be "unwise to do so, for we would thereby chill the willingness of agencies to reconsider an agency decision after first obtaining a favorable judgment as a defendant in a lawsuit." <u>Hardison</u>, 655 F.2d at 1289.  Morever, the Court noted that *res judicata* serves not only the winning litigant's interests, but the "public interest in conserving judicial resources, avoiding inconsistent results, and engendering respect for final court judgments." <u>Id.</u> at 1289-90.  In this case, where the Army has consistently refused to reconsider Plaintiff's claim, it defies logic to suggest that the ABCMR's refusal to grant reconsideration and the Board's reliance on *res judicata* somehow opens the door to additional challenges of the same issue.

**B.  No Subject Matter Jurisdiction Exists To Bring A Mandamus Action Against
The United States Because Plaintiff Fails To State A Claim For Mandamus
Relief.**

Given the Plaintiff's failure to state a claim for mandamus relief, there is no subject

matter jurisdiction for his mandamus action.  The Mandamus statute provides that, "[t]he district

courts shall have original jurisdiction of any action in the nature of mandamus to compel *an*

*officer or employee* of the United States or *any agency thereof* to perform a duty owed to the

plaintiff."  28 U.S.C. § 1361 (emphasis added).  "It is well settled that this statute does not by

itself waive sovereign immunity." "Washington Legal Found. v. United States Sentencing

Comm'n, 89 F.3d 897, 901 (D.C. Cir. 1996);Public Citizen v. Kantor, 864 F. Supp. 208, 213

(D.D.C. 1994) ("The generally accepted rule is that § 1361 does not constitute a waiver of

sovereign immunity by the United States"); Coggeshall Development Corp. v. Diamond, 884

F.2d 1, 3 (1st Cir. 1989);  McQueary v. Laird, 449 F.2d 608, 611 (10th Cir. 1971); Hospoder v.

United States, 209 F.2d 427, 429 (3rd Cir. 1954).[10]  To qualify for mandamus relief, a Plaintiff

must show: 1) a clear right to the relief sought; 2) the defendants have a clear duty to act; and 3)

the absence of any other adequate remedy.  Swan v. Clinton, 100 F.3d 973, 977, n.1 (D.C. Cir.

1996).  Furthermore, the defendants' duty to act must be clear, ministerial, and non-

discretionary.  NTEU v. Bush, 715 F.Supp. 405, 407 (D.D.C. 1989).  Because the Plaintiff has

failed to allege a right to relief or a clear non-discretionary duty by the Defendant, and because

---

[10]  The Senate report accompanying this enactment makes clear that the legislation did not
create new liabilities or new causes of action against the United States.  See S. Rep. 87-1992,
1962 U.S.C.C.A.N. 2784, 2785 ("The purpose of this bill, as amended, is to make it possible to
bring actions against *Government officials and agencies in U.S. district courts* . . . . This
legislation does not create new liabilities or new causes of action against the U.S. Government.")
(emphasis added).

13

Plaintiff may pursue a statutorily created alternate remedy, the Complaint fails to state a claim upon which relief may be granted.

      1.  **<u>There Is No Clear Duty to Act Or Indisputable Right To Relief</u>.**

      Inasmuch as some duty to investigate Plaintiff's claims for records corrections may exist, the Army has not once, but repeatedly, concluded that no material error or injustice exists regarding Plaintiff's allegations. To the extent that the Plaintiff would seek an Order of this Court directing how the Army review should be conducted, or what conclusion should be reached, mandamus is inappropriate. As aptly stated by the Supreme Court almost eighty years ago:

> Mandamus is employed to compel the performance, when refused, of a ministerial duty, this being its chief use. It also is employed to compel action, when refused, in matters involving judgment and discretion, *but not to direct the exercise of judgment or discretion in a particular way nor to direct the retraction or reversal of action already taken in the exercise of either*.

<u>Wilbur v. United States ex rel. Kadrie</u>, 281 U.S. 206, 218 (1930) (emphasis added).

      At its core, the Plaintiff's Complaint seeks leave to litigate the question of Plaintiff's consideration for promotion, under the theory that once the litigation of that issue is complete, a clear duty subject to a mandamus claim will be established. Stated another way, resolution of the underlying factual dispute will, *at some point in the future*, create an enforceable duty in mandamus. Such a construction of the scope of mandamus relief must be rejected.[11] Certainly

---

[11]  <u>See</u> <u>e.g.</u>, <u>Smith v. Grimm</u>, 534 F.2d 1346, 1352 (9th Cir. 1976) ("To hold that . . . [factual] uncertainties can be removed by their adjudication and that, as a consequence, what originally was obscure is now clear, certain, and free from doubt would be contrary to [prior decisions interpreting the Mandamus Act] and expand [such decisions] far beyond [their] reasonable limits. In sum, this situation is not one in which extraordinary writ of mandamus will issue").

mandamus would be appropriate if the ABCMR conducted a review of a particular application

request, and then refused to process it.  But that is not what is at issue in this case.  The

Complaint simply seeks to have this Court review the nature of the ABCMR's investigation of

Plaintiff's application and review the conclusion reached by the ABCMR (a matter subject to no

small amount of dispute), substituting a conclusion in favor of the Plaintiff for the one reached

by the ABCMR.  Mandamus is simply not an appropriate vehicle for such a claim.

The ABCMR's consideration of Plaintiff's application unquestionably involve matters of

both judgment and discretion - whether to investigate Plaintiff's claims at all, how to investigate,

the scope and nature of the investigation, what weight to afford particular facts discovered in its

investigation, what conclusion to reach based upon its findings, etc.  "[W]here there is discretion

. . . even though its conclusion be disputable, it is impregnable to mandamus."  United States ex

rel. Alaska Smokeless Coal Co. v. Lane, 250 U.S. 549, 555 (1919).  The instant claim, seeking to

overturn the ABCMR's conclusion, a conclusion reached in the exercise of its judgment and

discretion Is inappropriate for Mandamus relief.  As such Plaintiff's Complaint does not state a

viable mandamus claim.

## 2.  **Mandamus Will Not Lie Where An Adequate Alternative Remedy Exists.**

Similarly, no action lies in mandamus where there is an adequate alternative remedy.  At

issue in this case is whether Plaintiff's request for correction of military records was properly

considered.  Here, Plaintiff unquestionably may challenge (and, in fact, has repeatedly

challenged) the agency's decision before the ABCMR and under the APA.  (Am. Compl. at 1-7.)

Because there is an adequate alternative remedy under the APA, a writ of mandamus is not

proper. See Swan, 100 F.3d at 981, n.4 (noting that APA relief was not available for the plaintiff

in Swan because "the action that Swan complains of, his removal, was performed by the President, and the President is not an agency under the APA").

### 3. <u>Mandamus Is An Extraordinary Remedy Reserved For Exceptional Circumstances.</u>

Plaintiff has failed to set forth the necessary prerequisites let alone demonstrate exceptional circumstances for mandamus relief.  Under the limitations noted above, "[t]he mandamus remedy is an extraordinary one, and it is to be utilized only under exceptional circumstances."  <u>Haneke v. Secretary of Health, Education, and Welfare</u>, 535 F.2d 1291 (D.C. Cir. 1976).     Mandamus is improper because Plaintiff cannot meet the prerequisites for the writ nor establish any exceptional circumstances.  Plaintiff asks this Court to "re-characterize Plaintiff's September 30, 1980, discharge as Lieutenant Colonel permanent or Colonel full." (Am. Compl. at 6, ¶ 3.)  Plaintiff cannot demonstrate a right to the requested relief of promotion. Plaintiff cannot demonstrate that either the ABCMR or any military official has a duty to confer upon him a promotion to lieutenant colonel.  Moreover, the characterization of a service member's abilities and potential for promotion is the very essence of a discretionary military decision.  <u>See</u>, <u>e.g.</u>, <u>Gilligan v. Morgan</u>, 413 U.S. 1, 11 (1973) ("The complex, subtle, and professional decisions as to the composition,  training, equipping, and control of a military force are essentially professional military judgments. . .").  Finally, Plaintiff has another adequate remedy, the ability to obtain relief from this Court under the APA, which precludes the availability of mandamus relief.  <u>See</u> <u>Swan</u>, 100 F.3d at 977, 981, n.4.  Plaintiff has failed to present any exceptional circumstances to require Defendant to perform any acts other than those already performed on his behalf.  The Court therefore lacks subject matter jurisdiction over

Plaintiff's mandamus claim, and that claim should be dismissed.

**C.  Plaintiff Fails To State A Claim For Declaratory Relief Against The United States**

Plaintiff's Complaint fails to state a claim for relief because the Declaratory Judgment Act does not create an independent claim or basis for relief against the United States.  "[T]he Declaratory Judgment Act is not an independent source of federal jurisdiction; the availability of such relief presupposes the existence of a judicially remediable right."  Schilling v. Rogers, 363 U.S. 666, 677 (1960) (citing Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950)). In the absence of some other claim against the United States, the Declaratory Judgment Act does not provide a basis for jurisdiction nor establish an independent claim of waiver of sovereign immunity.

Plaintiff pursues relief under the Declaratory Judgment Act and asks this Court to find that the ABCMR acted unlawfully in its decisions and refusals to reconsider Plaintiff's applications.  However, Plaintiff does not state a proper jurisdictional basis or waiver of sovereign immunity.  Since the Declaratory Judgment Act does not provide the Court with independent jurisdiction over a case, this Court must look elsewhere to find jurisdiction. Because Plaintiff fails to state an actionable claim against the United States under the Mandamus Act, the All-Writs Act, or the Administrative Procedures Act, this Court has no jurisdiction to entertain any claim against the United States under the Declaratory Judgment Act.

**D.  Any Challenge To Plaintiff's 1980 Discharge or To ABCMR Decisions Prior to November 2001 Must Be Dismissed Due To The Statute Of Limitations.**

In addition to being barred by *res judicata*, it is evident that Plaintiff has filed well outside the limitations period to the extent that the Complaint seeks to challenge Plaintiff's

17

discharge, or many of the prior decisions of the ABCMR .  Title 28 U.S.C. § 2401(a) provides

that every civil action commenced against the United States shall be barred unless the complaint

is filed within six years after the right of action first accrues.  The purpose of the statute of

limitations is well-established in law.  It bars stale claims, protects defendants from the

disadvantages of lost records or witnesses and poor memories, and provides finality to disputes.

United States v. Kubrick, 444 U.S. 111 (1979); Railroad Telegraphers v. Railway Express

Agency, 321 U.S. 342, 3449 (1944 ).  The statute of limitations begins to run when the plaintiff

is "armed with the facts about the harm done to him."  Kubrick, 444 U.S. at 123; see Harris v.

FAA, 353 F.3d 1006 (D.C. Cir. 2004); Walters, et al. v. Secretary of Defense, et al., 725 F.2d

107 (D.C. Cir. 1983).  Moreover, the statute of limitations may not be waived, but must be

strictly construed.  Id.  "The principal purpose of statutes of limitations is to 'protect defendants

and courts from having to deal with cases in which the search for truth may be seriously

impaired by the loss of evidence, whether by death or disappearance of witnesses, fading

memories, disappearance of documents, or otherwise.'"  Geyen v. Marsh, 775 F.2d 1303, 1308

(5th Cir. 1985) (quoting Kubrick, 444 U.S. at 117).

    **1.  Statute Of Limitations Bars Any Challenges To Plaintiff's 1980 Discharge.**

       Plaintiff's request for a writ of mandamus directing his promotion to at least the rank of

lieutenant colonel appears to be a challenge to his involuntary retirement discharge, not to the

ABCMR's decisions regarding Plaintiff's applications.  If a service member brings a direct

challenge to his or her discharge, the six-year statute of limitations of 28 U.S.C. § 2401(a) is the

period of limitations that applies,"  Nihiser v. White, 211 F. Supp. 2d 125, 128 (D.D.C. 2002).

Plaintiff's cause of action accrues at the "time when he began to suffer an alleged disadvantage –

when he received his . . . discharge." Walters v. Secretary of Defense, 725 F.2d 107, 113 (D.C. Cir. 1983). Therefore, in addition to being barred by *res judicata* any challenge to Plaintiff's discharge was barred after six years passed from the date of discharge. Specifically, any challenge to Plaintiff's September 30, 1980 discharge was barred after September 29, 1986. Plaintiff brings this action more than 21 years after his discharge. Accordingly, his Complaint, to the extent it can be read to challenge his discharge, is also time-barred by 28 U.S.C. § 2401(a) and should be dismissed.

**2.  Statute Of Limitations Bars Challenges To ABCMR Decisions Prior to November             2001.**

Plaintiff's challenges to the 1998 and 1999 actions of the ABCMR[12] are barred by the applicable six-year statute of limitations, which provides that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action accrues." 28 U.S.C. § 2401(a). Spannus v. Dept. of Justice, 824 F.2d 52, 55 (D.C. Cir. 1987) ( ( "[Section] 2401 is a jurisdictional condition  attached to the government's waiver of sovereign immunity, and as such must be strictly construed."). Plaintiff challenges the June 1998 ABCMR decision which affirmed the June 1983 ABCMR decision. (Am. Compl. at 5, ¶ 1.)[13] Plaintiff filed a series of reconsideration requests and raised objections to the 1998 ABCMR decision. (Am. Compl. at 5, ¶¶ 26, 28, 30.) Plaintiff also challenges the March 1999

_____

[12] Plaintiff does not articulate specific claims regarding the 1983 ABCMR decision or the 1998 ABCMR denial of reconsideration. However, if the Court liberally construes Plaintiff's Complaint as raising such claims, they are likewise barred by the statute of limitations for the reasons set forth herein.

[13] Plaintiff essentially challenges the June 1983 ABCMR decision. (Am. Compl. at 4, ¶ 19.) This ABCMR decision was affirmed in the Plaintiff's previous litigation and is barred by *res judicata*. (Defense Ex. 1.)

ABCMR decision.  (Id.).  Plaintiff was clearly aware of the ABCMR's decisions and displeased with their outcome.  Plaintiff has filed a copious number of applications and lawsuits over the past thirty-plus years regarding this issue, yet, despite Plaintiff's ongoing displeasure with the ABCMR reviews, he chose not to challenge many of the ABCMR decisions for nearly ten years. As a result, not only are Plaintiff's challenges to the 1998 and 1999 ABCMR decisions barred by *res judicata*, they are also barred by the statute of limitations and should be dismissed.

### E. Plaintiff's Claim That The ABCMR Denials of Reconsideration Violates 10 U.S.C. § 1552 Should Be Dismissed Under Fed. R. Civ. P. 12(b)(6).

Plaintiff alleges that because the ABCMR staff, rather than the Board itself, rejected his multiple reconsideration requests on June 6, 2005, May 24, 2005, April 21, 2005, [March 22, 2005,] and March 29, 1999, these decisions violate 10 U.S.C. § 1552.  (Am. Compl. at 6, ¶ 30.) Plaintiff presumably bases this claim on this Court's decision in  Lipsman v. Sec'y of the Army, 335 F. Supp. 2d 48, 56 (D.D.C. 2004), which held that substantive review of reconsideration requests by ABCMR staff, pursuant to Army regulation ("Army Reg.") 15-185, Army Board for Corrections of Military Records, ¶ 2-15(b), violated 10 U.S.C. § 1552.  Lipsman, 335 F.Supp. 2d at 48.  Because Plaintiff's entire suit is barred by *res judicata*, the Court's 2004 Lipsman decision has no bearing on Plaintiff's case. As the D.C. Circuit stated "civil judgments, unlike criminal convictions, cannot be collaterally attacked on the basis of subsequent judicial pronouncements. In civil litigation, 'a retroactive decision can affect only suits pending in the courts or not yet brought, but cannot be raised by previously unsuccessful litigants.'" Hardison, 655 F.2d 1281, at 1289 (Citations omitted).[14] Plaintiff's previously completed litigation prohibits

---

[14] Plaintiff's March 29, 1999, claim is also barred by the six year statute of limitations. See Part D.2 *infra*.

him from seeking retroactive application of the <u>Lipsman</u> decision. (<u>See</u> Defense Ex. 1).

Even if Plaintiff's claims were not barred by *res judicata* and the statute of limitations, there is no merit to Plaintiff's claim that the ABCMR denials of reconsideration violated 10 U.S.C. § 1552.  Pursuant to 10 U.S.C. § 1552, the Secretary implemented Army Reg. 15-185 to govern the process for correcting military records.[15]  Army Regulation 15-185, (February 29, 2000), the regulation which was in effect at the time of the ABCMR's actions in question (Am. Compl., at 6, ¶ 30), set forth two different avenues for reconsideration requests. Paragraph 2-15(a),[16] allowed a single request for reconsideration within one year of the ABCMR's original denial:

> If the ABCMR receives the request within 1 year of the ABCMR's action and if the ABCMR has not previously reconsidered the matter, the ABCMR staff will review the request to determine if it contains evidence (including, but not limited to, any facts or arguments as to why relief should be granted) that was not in the record at the time of the ABCMR's prior consideration.  If new evidence has been submitted, the request will be submitted to the ABCMR for its determination of

---

[15] A court may consider allegations attached, incorporated, or otherwise contained in a complaint, and matters of public record subject to judicial notice, without converting a 12(b)(6) motion into a motion for summary judgment. <u>Lipton v. MCI Worldcom, Inc.</u>, 135 F. Supp. 2d 182, 186 (D.D.C. 2001) ("because the tariffs are public documents . . . the court may take judicial notice of them . . .[and] may consider them on a Rule 12(b)(6) motion.") Army Regulation 15-185, codified at 32 C.F.R. §581.3, clearly meets this criteria as it is both central to Plaintiff's Complaint and a public record subject to judicial notice.

[16] The current version of Army Reg. 15-185, ¶ 2-15(a), which took effect on March 31, 2006, provides:

> If the ABCMR receives a request for reconsideration more than 1 year after the ABCMR's original decision or after the ABCMR has already considered one request for reconsideration, then the case will be returned without action and the applicant will be advised the next remedy is appeal to a court of appropriate jurisdiction.

(Defense Ex. 3, at 10, (Army Reg. 15-185, March 31, 2006).)

whether the new evidence is sufficient to demonstrate material error or injustice. If no new evidence is found, the ABCMR staff will return the application to the applicant without action.

(Defense Ex. 2, at 9, (Army Regulation 15-185, Feb. 29, 2000).)  Paragraph 2-15(b) also sets forth a procedure for reviewing reconsideration requests that occur more than one year after ABCMR action or after the ABCMR has already reconsidered the request.

If the ABCMR receives the request more than 1 year after the ABCMR's action or after the ABCMR has already considered one request for reconsideration, the ABCMR staff will review the request to determine if substantial relevant evidence is submitted showing fraud, mistake of law, mathematical miscalculation, manifest error, or the existence of substantial relevant new evidence discovered contemporaneously or within a short time after the ABCMR's original consideration.  If the ABCMR staff finds such evidence, it will be submitted to the ABCMR for its determination of whether material error or injustice exists and the proper remedy.  If the ABCMR staff does not find such evidence, the application will be returned to the applicant without action.

(Id. at 10.)  In Lipsman, this Court ordered the Army to strike paragraph 2-15(b) of this regulation because it allowed the ABCMR staff, rather than the ABCMR itself, to substantively determine whether a reconsideration request contained sufficient evidence warranting reconsideration by the ABCMR.  The Court held that this review by the staff, pursuant to paragraph 2-15(b), violated 10 U.S.C. § 1552.  Lipsman, 335 F.Supp. 2d at 48.  In Lipsman, this Court noted that while ABCMR staff members "may not make substantive judgments on the sufficiency of the submitted evidence," they may "review initial applications for correction or any subsequent reconsideration requests for the presence of new evidence."  Id. at 55-56.  Thus, under Lipsman, the ABCMR staff are still entitled to determine whether an applicant had previously submitted a reconsideration request without making a substantive judgment on the merits of a request.  Id.

Pursuant to the decision in Lipsman, the ABCMR eliminated paragraph 2-15(b)'s

22

requirements for reconsideration and the language was eventually removed from the regulation. Thus, following <u>Lipsman</u>, the only remaining authority for granting a reconsideration request is paragraph 2-15(a), which provides that an individual may request reconsideration of an earlier ABCMR decision only if the request is within one year of the original decision and it has not been previously reconsidered. In short, following the <u>Lipsman</u> decision, applicants to the ABCMR have only two opportunities to apply to correct their military records: the initial application to the ABCMR, and then one request for reconsideration, provided the request for reconsideration is submitted within the one year limitation. <u>Id</u>. If a previous reconsideration request has been previously filed, then the staff returns the reconsideration request without taking action. (Defense Ex. 3, (Army Reg. 15-185, ¶ 2-15(a)).)

Plaintiff erroneously alleges that Defendant violated the provisions of 10 U.S.C. § 1552 because the staff and not the ABCMR denied Plaintiff's requests. (Am. Compl. 5, at ¶ 30.) Even if <u>Lipsman</u> applied to some (or all) of his reconsideration requests between 2002 and 2005, the ABCMR's actions still would not have violated §1552. In 2001, prior to the reconsideration requests at issue, the ABCMR informed Plaintiff that "he had exhausted all administrative remedies" and "the ABCMR would not consider any further request for reconsideration of this matter." (Am. Compl. at 4, ¶ 23.) As such, the requests for reconsideration filed after 2001 (and arguably even earlier requests) consisted of redundant requests that the ABCMR refused to substantively consider. Instead, the ABCMR staff merely denied these requests because "Plaintiff's case had already been reviewed." (Am. Compl. at 4, ¶ 21.) Thus, even assuming <u>Lipsman</u> applied to some (or all) of Plaintiff's reconsideration requests from 2002 through 2005, the ABCMR staff's action did not run afoul of <u>Lipsman</u> because the staff did not make

substantive judgments on the merits of Plaintiff's claims. See Lipsman, 355 F. Supp. 2d at 55-56. This Court recently rached a similar conclusion in Roberts v. Geren, 2007 U.S. Dist. LEXIS 94124 *30 (D.D.C. 2007).

In Roberts, a former soldier challenged several ABCMR denials of reconsideration on the grounds that the ABCMR staff, and not the ABCMR, denied reconsideration. Id. at *30. This Court upheld the staff denials that occurred both before and after the Lipsman decision because the ABCMR staff "simply made a ministerial determination that Plaintiff had previously applied for reconsideration, and therefore that his application did not meet the [paragraph] 2-15(a) requirements." As the Court held, "the staff . . . made no substantive judgments about the evidence plaintiff presented." Id. at * 32-33. The Court also held that denial of the plaintiff's requests were lawful because the ABCMR staff made procedural determinations that the requests for reconsideration did not contain any new evidence. Id. at * 33-34. The Court expressly noted that "[w]hile it is true that under the logic of Lipsman it would have been impermissible for the ABCMR's staff to evaluate plaintiff's evidence, it does not follow that plaintiff necessarily had a right to have the Board review these applications." Id. Similarly, in this case, regardless of whether Lipsman applied to the reconsideration requests in question, the action of the ABCMR staff was appropriate because the staff only performed procedural functions, verifying that Plaintiff's application was previously reconsidered by the ABCMR, that Plaintiff had exhausted his administrative remedies, and that he was ineligible for additional reconsideration.[17]

---

[17] Of course, even if the Court applied the ABCMR's post-Lipsman rule to Plaintiff's case, it would provide Plaintiff no relief because all that remains of Army Reg. 15-185 following Lipsman is paragraph 2-15a. Plaintiff would not have been eligible for reconsideration under paragraph 2-15a because he was outside the 1 year window and had filed numerous reconsideration requests. Conversely, in Lipsman, Plaintiffs had only submitted a single

The ABCMR's act of returning Plaintiff's numerous reconsideration requests from [March 2002] through June 2005 without taking action is consistent with 10 U.S.C. § 1552. Accordingly, Plaintiff's third claim for relief should be dismissed for failing to state a claim upon which relief can be granted.

## V.  CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant Defendant's Motion to Dismiss.

---

reconsideration request to the ABCMR. See Lipsman, 355 F. Supp. 2d at 51. Moreover, even if the Court found that the ABCMR erred in how the staff reviewed these reconsideration requests, remand would serve no useful purpose because Plaintiff does not allege that his subsequent reconsideration requests presented any new evidence or matters beyond the issues addressed in (at least) the ABCMR's 1998 denial of reconsideration.  To the contrary, in the 1999 denial of reconsideration, the ABCMR staff stated that they denied Plaintiff's request for reconsideration because "Plaintiff's case had already been reviewed."  (Am. Compl. at 4, ¶ 21.).  Again, in their 2001 denial of reconsideration, the ABCMR staff specifically advised Plaintiff that he failed to provide "new, relevant evidence not previously reviewed by the staff of the Board."  (Am. Compl. at 4, ¶ 22). See Roberts, 2007 U.S. Dist. LEXUS at *34; Lassalle v. Geren 2007 U.S. Dist. LEXIS 31056, *17 (D.D.C. April 27, 2007) ("In the absence of any new evidence, there is no reason to believe that the Board would evaluate Plaintiff's entitlement to a waiver any differently than it did in response to his original application."). See also Federal Election Comm'n v. Legi-Tech, Inc., 75 F.3d 704, 708-09 (D.C. Cir. 1996) (stating that "remand to the agency is an unnecessary formality where the outcome is clear").

Respectfully submitted,

\_\_\_/s/_____
JEFFREY A. TAYLOR, D.C.  Bar # 498610
United States Attorney

\_\_\_/s/_____
RUDOLPH CONTRERAS D.C. Bar # 34122
Assistant United States Attorney

\_\_\_/s/_____
BRIAN BALDRATE
Special Assistant U.S.  Attorney
555 Fourth Street, N.W.
Room E4408
Washington, D.C.  20530
Ph: (202) 353-9895
*Attorneys for Defendant*

Of Counsel:
MAJOR JOSHUA M. TOMAN
U.S. Army Legal Services Agency
901 North Stuart Street
Arlington, Virginia  22203-1837

26

Exhibit 1

*127*

# United States Court of Appeals
## For the Eleventh Circuit

No. 99-11525 AA
Non-Argument Calendar

District Court No. 88-00727-1-CV

```
              FILED
    U.S. COURT OF APPEALS
       ELEVENTH CIRCUIT

         JAN 05 2000

      THOMAS K. KAHN
          CLERK
```

ROLAND A. JONES,

versus                                    Plaintiff-Appellant,

SECRETARY OF THE ARMY,
DEPARTMENT OF THE ARMY, et al.,

                                          Defendants-Appellees.

--------------------------------
Appeal from the United States District Court
for the Northern District of Georgia
--------------------------------

Before TJOFLAT, BLACK and CARNES, Circuit Judges.

J U D G M E N T

This cause came to be heard on the transcript of the record from the United States District Court for the Northern District of Georgia, and was taken under submission by the Court upon the record and briefs on file, pursuant to Eleventh Circuit Rule 34-3;

UPON CONSIDERATION WHEREOF, it is now hereby ordered and adjudged by this Court that the judgment of the said District Court in this cause be and the same is hereby AFFIRMED;

It is FURTHER ORDERED THAT plaintiff-appellant pay to the defendants-appellees, the costs on appeal to be taxed by the Clerk of Court.

Entered: January 5, 2000
For the Court: Thomas K. Kahn, Clerk

By: _____
                Deputy Clerk

ISSUED AS MANDATE: APR 06 2000

[DO NOT PUBLISH]

## IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

--------------------------------

No. 99-11525
Non-Argument Calendar

--------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

JAN 05 2000

THOMAS K. KAHN
CLERK

D.C. Docket No. 88-00727-1-CV-MHS

ROLAND A. JONES,

Plaintiff-Appellant,

versus

SECRETARY OF THE ARMY,
DEPARTMENT OF THE ARMY, et al.,

Defendants-Appellees.

--------------------------------

Appeal from the United States District Court for the
Northern District of Georgia

--------------------------------

(January 5, 2000)

Before TJOFLAT, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Roland A. Jones appeals the district court's denial of his motion for relief

from judgment, Fed.R.Civ.P. 60(b), in civil rights action he has prosecuted pro se.

We affirm.

Jones, who is black, was involuntarily retired from the U.S. Army in 1980

after being "passed over" twice for promotion to Colonel.  In 1988, he brought this

suit, alleging that the Army discriminated against him on account of his race in,

among other things, assigning him duties, evaluating his performance, and

determining whether to promote him.  He also alleged that the Army Board for the

Correction of Military Records failed to act on his requests for administrative

review and correction of his Army records.

In September 1991, the district court entered judgment for the defendants on

all of Jones' claims.  He appealed, and we affirmed the district court's judgment.

Then, in June 1993, Jones filed motions in the district court for a new trial

and for relief from judgment under Fed. R. Civ. P.  59(d) and 60(b).  The district

court denied his motions, concluding that Jones had demonstrated no grounds for

relief.   Jones appealed.  Because his motions were untimely, we affirmed the

district court's denial of relief.

In March 1999, Jones returned to the district court once again, moving the

court to revisit the final judgment it had entered for the defendants and to adjudicate

2

his "pass-over" claim which it had declined to address on the merits before entering

final judgment for the defendants.  The defendants opposed Jones' motion as

meritless and untimely.  The court construed Jones motion as having been filed

under Rule 60(b), and denied it because Jones failed to satisfy the Rule's

requirements.

    We review for abuse of discretion a district court's denial of Rule 60(b)

relief.  In this case, we find no abuse of discretion.  This case is now at an end.

    AFFIRMED.

3

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

MAR 2 7 2000

THOMAS K. KAHN
CLERK

No. 99-11525-AA

ROLAND A JONES,

                    Plaintiff-Appellant,

    versus

SECRETARY OF THE ARMY,
DEPARTMENT OF THE ARMY, et al.,

                    Defendants-Appellees.

--------------------------

On Appeal from the United States District Court for the
Northern District of Georgia
--------------------------

ON PETITION(S) FOR REHEARING AND SUGGESTION(S) OF REHEARING EN BANC
(Opinion_____, 11th Cir., 19__, _____F.2d_____).

Before: TJOFLAT, BLACK and CARNES, Circuit Judges.

PER CURIAM:

The Petition(s) for Rehearing are DENIED and no member of this
panel nor other Judge in regular active service on the Court having
requested that the Court be polled on rehearing en banc (Rule 35,
Federal Rules of Appellate Procedure; Eleventh Circuit Rule 35-5),
the Suggestion(s) of Rehearing En Banc are DENIED.

ENTERED FOR THE COURT:

_____
UNITED STATES CIRCUIT JUDGE

ORD-42
(6/95)

Exhibit 2

**Army Regulation 15-185**

**Boards, Commissions, and Committees**

# Army Board for Correction of Military Records

**Headquarters**
**Department of the Army**
**Washington, DC**
**29 February 2000**

# UNCLASSIFIED

**This page intentionally left blank**

**Headquarters
Department of the Army
Washington, DC
29 February 2000**

*Army Regulation 15-185

Effective 29 March 2000

**Boards, Commissions, and Committees**

**Army Board for Correction of Military Records**

Louis Caldera
*Secretary of the Army*

**History.** This printing publishes a revision of this publication. Because the publication has been extensively revised, the changed portions have not been highlighted.

**Summary.** This regulation provides Department of the Army policy, criteria and administrative instructions regarding an applicant's request for the correction of a military record.

**Applicability.** This regulation applies to the Active Army, the Army National Guard of the U.S., and the U.S. Army Reserve to the extent that each is subject to the authority of the Secretary of the Army under title 10 of the U.S. Code. It also applies to former soldiers of these organizations and their heirs or legal representatives and other individuals, military or civilian, who are affected by a military record. Further, it applies to the Defense Finance and Accounting Service in settling claims as a result of correction of an Army military record. This regulation remains in full effect during mobilization.

**Proponent and exception authority.** The proponent of this regulation is the Assistant Secretary of the Army (Manpower and Reserve Affairs).

The Assistant Secretary of the Army (Manpower and Reserve Affairs) has the authority to approve exceptions to this regulation that are consistent with controlling law and regulation. The proponent may delegate this approval authority, in writing, to a division chief within the proponent agency in the grade of colonel or the civilian equivalent.

**Army management control process.** This regulation contains management control provisions in accordance with Army Regulation 11-2 but does not identify key management controls that must be evaluated.

**Supplementation.** Supplementation of this regulation and establishment of command and local forms are prohibited without prior approval from the Department of the Army Review Boards Agency, ATTN: SFMR-RBR, 1941 Jefferson Davis Highway, Arlington, VA 22202-4508.

**Suggested improvements.** Users are invited to send comments and suggested improvements on DA Form 2028 (Recommended Changes to Publications and Blank Forms) directly to the Department of the Army Review Boards Agency, ATTN: SFMR-RBR, 1941 Jefferson Davis Highway, Arlington, VA 22202-4508.

**Distribution.** Distribution of this publication is made in accordance with initial distribution number (IDN) 093138, intended for command levels C, D, and E for Active Army, Army National Guard of the U.S., and U.S. Army Reserve.

*This regulation supersedes Army Regulation 15-185, dated 18 May 1977.

AR 15-185 • 29 February 2000                                                     1

UNCLASSIFIED

*Table of Contents*

**Chapter 1** ..............................................................................................................**5**

**Introduction** ..........................................................................................................**5**

*Section I General* .............................................................................................5

    1-1.    Purpose ..................................................................................................5

    1-2.    References ..............................................................................................5

    1-3.    Explanation of abbreviations and terms ...............................................5

    1-4.    Statutory authority .................................................................................5

*Section II Responsibilities* ...............................................................................5

    1-5.    The Secretary of the Army ....................................................................5

    1-6.    The ABCMR Director .............................................................................5

    1-7.    The chair of an ABCMR panel ...............................................................5

    1-8.    The ABCMR members ...........................................................................5

    1-9.    The director of an Army records holding agency .....................................6

    1-10.    The commanders of Army Staff agencies and commands ....................6

    1-11.    The Director, Defense Finance and Accounting Service ........................6

**Chapter 2** ..............................................................................................................**6**

**General** ..................................................................................................................**6**

*Section I ABCMR Establishment and Functions* ..............................................6

    2-1.    ABCMR establishment ..........................................................................6

    2-2.    ABCMR functions .................................................................................7

*Section II Application Procedures* ....................................................................7

    2-3.    Who may apply ......................................................................................7

    2-4.    Time limits .............................................................................................7

    2-5.    Administrative remedies ........................................................................7

    2-6.    Stay of other proceedings .....................................................................7

    2-7.    Counsel .................................................................................................7

*Section III Actions by the ABCMR Director and staff* ......................................8

    2-8.    Criteria ..................................................................................................8

    2-9.    Burden of proof .....................................................................................8

    2-10.    ABCMR consideration ...........................................................................8

*Section IV Hearings* .........................................................................................8

    2-11.    ABCMR hearings ..................................................................................8

*Section V Disposition of Applications* ...............................................................8

    2-12.    ABCMR decisions .................................................................................8

    2-13.    ABCMR final action ..............................................................................8

    2-14.    Decision of the Secretary of the Army ..................................................9

    2-15.    Reconsideration of ABCMR decision ...................................................9

**Chapter 3** ............................................................................................................**10**

**Claims/Expenses** ...............................................................................................**10**

    3-1.    Authority ..............................................................................................10

    3-2.    Settlement of claims ...........................................................................10

    3-3.    Payment of expenses .........................................................................10

**Chapter 4** ............................................................................................................**10**

**Miscellaneous Provisions** ................................................................................**10**

    4-1.    Special standards ...............................................................................10

    4-2.    Public access to decisions ..................................................................11

AR 15-185 • 29 February 2000

**Appendix A** ...................................................................................................**12**

**References** ...............................................................................................**12**

    *Section I Required Publications* ..................................................... *12*

    *Section II Related Publications* ...................................................... *12*

    *Section III Prescribed Forms* ......................................................... *12*

    *Section IV Referenced Forms* ......................................................... *12*

**Glossary** ...................................................................................................**13**

    *Section I Abbreviations* ................................................................... *13*

    *Section II Terms* ............................................................................... *14*

    *Section III Special Abbreviations and Terms* ................................ *14*

**Index** .........................................................................................................**15**

# Summary of Change

AR 15-185, Army Board for Correction of Military Records

This revision—

- Updates information on the policy and procedures for the operation of the Army Board for Correction of Military Records.

- Implements Department of Defense (DOD) Instruction 1336.6, Correction of Military Records (para 2-2a).

- Implements that portion of section 1034 of title 10 of the U.S. Code and that portion of DOD Directive 7050.6, Military Whistleblower Protection, that pertain to actions by the Army Board for Correction of Military Records (para 2-2b).

- Prescribes DD Form 149 (Application for Correction of Military Record Under the Provisions of title 10, U.S. Code, section 1552) (para 2-3b).

**Chapter 1**
**Introduction**

**Section I**
**General**

**1-1.  Purpose**
This regulation prescribes the policies and procedures for correction of military records by the Secretary of the Army, acting through the Army Board for Correction of Military Records (ABCMR).

**1-2.  References**
Appendix A lists required and related publications and prescribed and referenced forms.

**1-3.  Explanation of abbreviations and terms**
The glossary defines abbreviations and special terms.

**1-4.  Statutory authority**
Section 1552 of title 10 of the U.S. Code (Correction of Military Records: Claims Incident Thereto) (10 U.S.C. 1552) is the statutory authority for this regulation.

**Section II**
**Responsibilities**

**1-5.  The Secretary of the Army**
The Secretary of the Army will oversee the operations of the ABCMR. The Secretary will take final action on applications, as appropriate.

**1-6.  The ABCMR Director**
The ABCMR Director will manage the ABCMR's day-to-day operations.

**1-7.  The chair of an ABCMR panel**
The chair of a given ABCMR panel will preside over the panel, conduct a hearing, maintain order, ensure the applicant receives a full and fair opportunity to be heard, and certify the written record of proceedings in pro forma and formal hearings as being true and correct.

**1-8.  The ABCMR members**
The ABCMR members will—
  *a.* Review all applications that are properly before them to determine the existence of error or injustice.
  *b.* If persuaded that material error or injustice exists and that sufficient evidence exists on the record, direct or recommend changes in military records to correct the error or injustice.
  *c.* Recommend a hearing when appropriate in the interest of justice.
  *d.* Deny applications when the alleged error or injustice is not adequately supported by the evidence and when a hearing is not deemed proper.
  *e.* Deny applications when the application is not filed within prescribed time limits and when it is not in the interest of justice to excuse the failure to file in a timely manner.

**1-9.  The director of an Army records holding agency**

The director of an Army records holding agency will—

    *a.* Take appropriate action on routine issues that may be administratively corrected under authority inherent in the custodian of the records and that do not require ABCMR action.

    *b.* Furnish all requested Army military records to the ABCMR.

    *c.* Request additional information from the applicant, if needed, to assist the ABCMR in conducting a full and fair review of the matter.

    *d.* Take corrective action directed by the ABCMR or the Secretary of the Army.

    *e.* Inform the Defense Finance and Accounting Service (DFAS), when appropriate; the applicant; applicant's counsel, if any; and interested Members of Congress, if any, after a correction is complete.

    *f.* Return original records of the soldier or former soldier obtained from the Department of Veterans Affairs (VA).

**1-10. The commanders of Army Staff agencies and commands**

The commanders of Army Staff agencies and commands will—

    *a.* Furnish advisory opinions on matters within their areas of expertise upon request of the ABCMR, in a timely manner.

    *b.* Obtain additional information or documentation as needed before providing the opinions to the ABCMR.

    *c.* Provide records, investigations, information, and documentation upon request of the ABCMR.

    *d.* Provide additional assistance upon request of the ABCMR.

    *e.* Take corrective action directed by the ABCMR or the Secretary of the Army.

**1-11. The Director, Defense Finance and Accounting Service**

At the request of the ABCMR staff, the Director, DFAS, will—

    *a.* Furnish advisory opinions on matters within the DFAS area of expertise upon request.

    *b.* Obtain additional information or documentation as needed before providing the opinions.

    *c.* Provide financial records upon request.

    *d.* On behalf of the Army, settle claims that are based on ABCMR final actions.

    *e.* Report quarterly to the ABCMR Director on the monies expended as a result of ABCMR action and the names of the payees.

**Chapter 2**
**General**

**Section I**
**ABCMR Establishment and Functions**

**2-1.  ABCMR establishment**

The ABCMR operates pursuant to law (10 U.S.C. 1552) within the Office of the Secretary of the Army. The ABCMR consists of civilians regularly employed in the executive part of the Department of the Army (DA) who are appointed by the Secretary of the Army and serve on the ABCMR as an additional duty. Three members constitute a quorum.

**2-2. ABCMR functions**

 *a.* The ABCMR considers individual applications that are properly brought before it. In appropriate cases, it directs or recommends correction of military records to remove an error or injustice.

 *b.* When an applicant has suffered reprisal under the Military Whistleblower Protection Act (section 1034, title 10, of the U.S. Code (10 U.S.C. 1034) and Department of Defense Directive (DODD) 7050.6), the ABCMR may recommend to the Secretary of the Army that disciplinary or administrative action be taken against any Army official who committed an act of reprisal against the applicant.

 *c.* The ABCMR will decide cases on the evidence of record. It is not an investigative body. The ABCMR may, in its discretion, hold a hearing (sometimes referred to as an evidentiary hearing or an administrative hearing in 10 U.S.C. 1034 and DODD 7050.6) or request additional evidence or opinions.

**Section II**
**Application Procedures**

**2-3. Who may apply**

 *a.* The ABCMR's jurisdiction under 10 U.S.C. 1552 extends to any military record of the DA. It is the nature of the record and the status of the applicant that define the ABCMR's jurisdiction.

 *b.* Usually applicants are soldiers or former soldiers of the Active Army, the U.S. Army Reserve (USAR), and in certain cases, the Army National Guard of the United States (ARNGUS) and other military and civilian individuals affected by an Army military record. Requests are personal to the applicant and relate to military records. Requests are submitted on DD Form 149 (Application for Correction of Military Record Under the Provisions of Title 10, U.S. Code, Section 1552). Soldiers need not submit applications through their chain of command.

 *c.* An applicant with a proper interest may request correction of another person's military records when that person is incapable of acting on his or her own behalf, missing, or deceased. Depending on the circumstances, a child, spouse, parent or other close relative, heir, or legal representative (such as a guardian or executor) of the soldier or former soldier may be able to demonstrate a proper interest. Applicants must send proof of proper interest with the application when requesting correction of another person's military records.

**2-4. Time limits**
Applicants must file an application within 3 years after an alleged error or injustice is discovered or reasonably should have been discovered. The ABCMR may deny an untimely application. The ABCMR may excuse untimely filing in the interest of justice.

**2-5. Administrative remedies**
The ABCMR will not consider an application until the applicant has exhausted all administrative remedies to correct the alleged error or injustice.

**2-6. Stay of other proceedings**
Applying to the ABCMR does not stay other proceedings.

**2-7. Counsel**

 *a.* Applicants may be represented by counsel, at their own expense.

    *b.* See DODD 7050.6 for provisions for counsel in cases processed under 10 U.S.C. 1034.

**Section III**
**Actions by the ABCMR Director and staff**

**2-8. Criteria**
The ABCMR staff will review each application to determine if it meets the criteria for consideration by the ABCMR. The application may be returned without action if—

    *a.* The applicant fails to complete and sign the application.

    *b.* The applicant has not exhausted all other administrative remedies.

    *c.* The ABCMR does not have jurisdiction to grant the requested relief.

    *d.* No new evidence was submitted with a request for reconsideration.

**2-9. Burden of proof**
The ABCMR begins its consideration of each case with the presumption of administrative regularity. The applicant has the burden of proving an error or injustice by a preponderance of the evidence.

**2-10. ABCMR consideration**
    *a.* A panel consisting of at least three ABCMR members will consider each application that is properly brought before it. One panel member will serve as the chair.

    *b.* The panel members may consider a case on the merits in executive session or may authorize a hearing.

    *c.* Each application will be reviewed to determine—

        (1) Whether the preponderance of the evidence shows that an error or injustice exists and—

            *a.* If so, what relief is appropriate.

            *b.* If not, deny relief.

        (2) Whether to authorize a hearing.

        (3) If the application is filed outside the statute of limitations and whether to deny based on untimeliness or to waive the statute in the interest of justice.

**Section IV**
**Hearings**

**2-11. ABCMR hearings**
Applicants do not have a right to a hearing before the ABCMR. The Director or the ABCMR may grant a formal hearing whenever justice requires.

**Section V**
**Disposition of Applications**

**2-12. ABCMR decisions**
The panel members' majority vote constitutes the action of the ABCMR. The ABCMR's findings, recommendations, and in the case of a denial, the rationale will be in writing.

**2-13. ABCMR final action**
    *a.* Except as otherwise provided, the ABCMR acts for the Secretary of the Army, and an ABCMR decision is final when it—

    (1)  Denies any application (except for actions based on reprisals investigated under 10 U.S.C. 1034).

    (2)  Grants any application in whole or in part without a hearing when—

        (*a*)  The relief is as recommended by the proper staff agency in an advisory opinion; and

        (*b*)  Is unanimously agreed to by the ABCMR panel; and

        (*c*)  Does not involve an appointment or promotion requiring confirmation by the Senate.

*b.* The ABCMR will forward the decisional document to the Secretary of the Army for final decision in any case in which—

    (1)  A hearing was held.

    (2)  The facts involve reprisals under the Military Whistleblower Protection Act, confirmed by the DOD Inspector General (DODIG) under 10 U.S.C. 1034 and DODD 7050.6.

    (3)  The ABCMR recommends relief but is not authorized to act for the Secretary of the Army on the application.

## 2-14. Decision of the Secretary of the Army

*a.* The Secretary of the Army may direct such action as he or she deems proper on each case. Cases returned to the Board for further consideration will be accompanied by a brief statement of the reasons for such action. If the Secretary does not accept the ABCMR's recommendation, adopts a minority position, or fashions an action that he or she deems proper and supported by the record, that decision will be in writing and will include a brief statement of the grounds for denial or revision.

*b.* The Secretary of the Army will issue decisions on cases covered by the Military Whistleblower Protection Act (10 U.S.C. 1034 and DODD 7050.6). In cases where the DODIG concluded that there was reprisal, these decisions will be made within 180 days after receipt of the application and the investigative report by the DODIG, the Department of the Army Inspector General (DAIG), or other Inspector General offices. Unless the full relief requested is granted, these applicants will be informed of their right to request review of the decision by the Secretary of Defense.

## 2-15. Reconsideration of ABCMR decision

An applicant may request the ABCMR to reconsider a Board decision under the following circumstances:

*a.* If the ABCMR receives the request within 1 year of the ABCMR's action and if the ABCMR has not previously reconsidered the matter, the ABCMR staff will review the request to determine if it contains evidence (including, but not limited to, any facts or arguments as to why relief should be granted) that was not in the record at the time of the ABCMR's prior consideration. If new evidence has been submitted, the request will be submitted to the ABCMR for its determination of whether the new evidence is sufficient to demonstrate material error or injustice. If no new evidence is found, the ABCMR staff will return the application to the applicant without action.

*b.* If the ABCMR receives the request more than 1 year after the ABCMR's action or after the ABCMR has already considered one request for reconsideration, the ABCMR staff will review the request to determine if substantial relevant evidence is submitted showing fraud, mistake of law, mathematical miscalculation, manifest error, or the existence of substantial relevant new evidence discovered contemporaneously or within a short time after the ABCMR's original consideration. If the ABCMR staff finds such evidence, it will be submitted to the ABCMR for its determination of whether a material error or injustice exists and the proper remedy. If the ABCMR staff does not find such evidence, the application will be returned to the applicant without action.

## Chapter 3
## Claims/Expenses

### 3-1. Authority

*a.* The Army, by law, may pay claims for amounts due to applicants as a result of correction of military records.

*b.* The Army may not pay any claim previously compensated by Congress through enactment of a private law.

*c.* The Army may not pay for any benefit to which the applicant might later become entitled under the laws and regulations managed by the VA.

### 3-2. Settlement of claims

*a.* The ABCMR will furnish DFAS copies of decisions potentially affecting monetary entitlement or benefits. The DFAS will treat such decisions as claims for payment by or on behalf of the applicant.

*b.* The DFAS will settle claims on the basis of the corrected military record. The DFAS will compute the amount due, if any. The DFAS may require applicants to furnish additional information to establish their status as proper parties to the claim and to aid in deciding amounts due. Earnings received from civilian employment during any period for which active duty pay and allowances are payable will be deducted. The applicant's acceptance of a settlement fully satisfies the claim concerned.

### 3-3. Payment of expenses

The Army may not pay attorney's fees or other expenses incurred by or on behalf of an applicant in connection with an application for correction of military records under 10 U.S.C. 1552.

## Chapter 4
## Miscellaneous Provisions

### 4-1. Special standards

*a.* Pursuant to the 27 November 1979 order of the United States District Court for the District of Columbia in *Giles v. Secretary of the Army* (Civil Action No. 77-0904), a former Army soldier is entitled to an honorable discharge if a less than honorable discharge was issued to the soldier on or before 27 November 1979 in an administrative proceeding in which the Army introduced evidence developed by or as a direct or indirect result of compelled urinalysis testing administered for the purpose of identifying drug abusers (either for the purposes of entry into a treatment program or to monitor progress through rehabilitation or follow-up).

   *b.* Applicants who believe that they fall within the scope of subparagraph *a* above should place the term "CATEGORY G" in block 11b of DD Form 149. Such applications should be expeditiously reviewed by a designated official, who will either send the individual an honorable discharge certificate if the individual falls within the scope of subparagraph *a* above, or forward the application to the Discharge Review Board if the individual does not fall within the scope of subparagraph *a* above. The action of the designated official will not constitute an action or decision by the ABCMR.

**4-2.  Public access to decisions**

   *a.* After deletion of personal information, a redacted copy of each decision will be indexed by subject and made available for review and copying at a public reading room at Crystal Mall 4, 1941 Jefferson Davis Highway, Arlington, Virginia. The index will be in a usable and concise form so as to indicate the topic considered and the reasons for the decision. Under the Freedom of Information Act (5 U.S.C. 552), records created on or after 1 November 1996 will be available by electronic means.

   *b.* Under the Freedom of Information Act and the Privacy Act of 1974 (5 U.S.C. 552a), the ABCMR will not furnish to third parties information submitted with or about an application unless specific written authorization is received from the applicant or unless the Board is otherwise authorized by law.

**Appendix A**
**References**

**Section I**
**Required Publications**
This section contains no entries.

**Section II**
**Related Publications**
A related publication is a source of additional information. The user does not have to read it to understand this publication.

**AR 15-130**
Army Clemency and Parole Board

**AR 25-55**
Freedom of Information Act

**AR 340-21**
The Army Privacy Program

**AR 600-8-104**
Military Personnel Information Management/Records

**DOD Directive 7050.6**
Military Whistleblower Protection

**DOD Instruction 1336.6**
Correction of Military Records

**5 U.S.C. 552**
Freedom of Information Act

**37 U.S.C. 551 et seq**
Missing Persons Act of 1942

**5 U.S.C. 552(a)**
Privacy Act of 1974

**10 U.S.C. 1034**
Protected Communications; Prohibition of Retaliatory Personnel Actions

**10 U.S.C. 1552**
Correction of Military Records: Claims Incident Thereto

**38 U.S.C. 5902**
Recognition of Representatives of Organizations

**Section III**
**Prescribed Forms**
This prescribed form is available through the normal supply channels and also through the Army Electronic Library (AEL) CD-ROM and the USAPA web-site, www.usapa.army.mil.

**DD Form 149**
Application for Correction of Military Record Under the Provisions of Title 10, U.S. Code, Section 1552 (Prescribed in para 2-3*b*).

**Section IV**
**Referenced Forms**
This section contains no entries.

AR 15-185 • 29 February 2000

**Glossary**

**Section I**
**Abbreviations**

**ABCMR**
Army Board for Correction of Military Records

**AR**
Army regulation

**ARNGUS**
Army National Guard of the United States

**ATTN**
attention

**CFR**
Code of Federal Regulations

**DA**
Department of the Army

**DAIG**
Department of the Army Inspector General

**DFAS**
Defense Finance and Accounting Service

**DOD**
Department of Defense

**DODD**
Department of Defense directive

**DODI**
Department of Defense instruction

**DODIG**
Department of Defense Inspector General

**HQDA**
Headquarters, Department of the Army

**IG**
Inspector General

**OMPF**
official military personnel file

**SA**
Secretary of the Army

**U.S.**
United States (of America)

**USAR**
U.S. Army Reserve

**U.S.C. and U.S. Code**
United States Code

**VA**
U.S. Department of Veterans Affairs

**Section II**
**Terms**

**Applicant**
A person who applies to the ABCMR for correction of an Army military record.

**Counsel**
Includes individuals in good standing of the Federal bar or the bar of any state, territory or the District of Columbia; accredited representatives of veterans' organizations recognized under 38 U.S.C. 5902; and other individuals determined by the ABCMR to be competent to represent the interests of the applicant. Army Judge Advocate General's Corps officers may assist in the preparation and submission of an application to the ABCMR. However, they may not represent an applicant at a hearing, if one is granted, without written approval of The Judge Advocate General of the Army.

**Official military personnel file**
The permanent, historical, and official record of a soldier's military service.

**Records holding agency**
The agency responsible for the safe storage, maintenance, and control of records.

**Secretary of the Army**
Includes the Secretary's designee to act on ABCMR matters.

**Section III**
**Special Abbreviations and Terms**
This section contains no entries.

**Index**
This index is organized alphabetically by topic and subtopic. Topics and subtopics are identified by paragraph number.

**ABCMR decisions**
Action of the ABCMR, 1-8, 2-2, 2-8
Decisional documents, 2-13
Determinations, 1-8, 2-12
Military Whistleblower Protection Act provisions, 2-12, 2-14
**ABCMR deliberations**
ABCMR determinations, 2-14, 2-15
Advisory opinions, 1-10, 1-11
Denial of applications, 1-8, 2-12, 2-13
Evidence considered, 2-10
**ABCMR hearings**
Evidence considered, 2-10
Executive session, 2-10
Hearings, 2-10, 2-11
Military Whistleblower Protection Act provisions, 2-2, 2-14
No right to hearing, 2-11
**ABCMR information sources**
Advisory opinions, 1-10, 1-11, 213
Information from other Government sources, 1-9, 1-10
Presumption of administrative regularity, 2-9
Reports from IG, 2-14
**Access to records**
Records access, 4-2
Request for official records, 4-2
**Action after final decision**
Filing of documentation, 1-9
Notification to applicant, 1-9
Notification to Army/Defense officials, 1-9, 3-2
Notification to counsel/Members of Congress, 1-9
**Actions by the ABCMR staff**
Administrative denial, 2-8
Notification to applicant, 2-8
Preview of applications, 2-8
**Application forms**
Completion of forms, 2-3, 2-8
**Claims/expenses**
Authority for payment, 3-1
Payments not authorized, 3-1, 3-3
**Consideration by the ABCMR**
Composition of ABCMR panel, 2-10
Evidence considered, 2-10
**Counsel representation**
Counsel at applicant's own expense, 2-7
Definition of counsel, 2-7
Representation by Army Judge Advocate General Corps officer, 2-7
**Decision of the Secretary of the Army**
Military Whistleblower Protection Act provisions, 2-13, 2-14,
Review by the Secretary of Defense, 2-14

Secretary of the Army's actions, 1-5, 2-13, 2-14

**Decisional documents**
Evidence considered, 2-13

**Explanation of abbreviations and terms, Glossary**

**Final action by the ABCMR**
Actions of the ABCMR, 2-12, 2-13
Decisional documents, 2-13

**Form prescribed**
Completion of form, 2-8, 4-1
Minority reports, 2-14

**Payment of expenses**
Payments not authorized, 3-1, 3-3

**Preparation before applying**
Applicant's actions before applying, 2-5

**Public access to decision**
Documents available to review, 4-2
Index of decisions, 4-2
Prohibitions on furnishing information, 4-2
Purpose paragraph, 1-1

**Reconsideration of applications**
Actions on requests for reconsideration, 2-15
Basis for reconsideration, 2-15
Notification to applicant, 2-15

**References**
Prescribed and referenced forms, appendix A
Related publications, appendix A

**Report of settlement**
The Army section of the DFAS action, 1-11

**Responsibilities**
ABCMR members, 1-8, 2-14
Applicant, 2-3, 2-4, 2-5, 2-6, 2-10, 2-11
2-12, 2-13, 3-2
Army records holding agency, 1-9, 4-2
DFAS, 1-11, 3-1, 3-2, 3-3
Army Staff agencies and/or commands, 1-10
Chair, 1-7
Director of the ABCMR, 1-6
Secretary of the Army, 1-1, 1-5, 1-9, 2-1, 2-13, 4-2

**Separate communications**
Comments/Recommendations to the Secretary of the
Army, 2-14

**Settlement of claims**
Army section of the DFAS actions, 1-11, 3-1, 3-2, 3-3
Settlement report, 1-11

**Setup of the ABCMR**
Authority for ABCMR, 2-1
Composition of ABCMR, 2-1
Special Standards, 4-1

**Staff assistance**
Advisory opinions, 1-10, 1-11,
Compliance with requests, 1-10, 1-11, 1-14,
Information from other Government sources, 2-13,

4-2
Statutory authority, 1-4
Stay on other proceedings, 2-6
**Time limits**
Excusing a failure to timely file, 2-4, 2-10
Failure to timely apply, 2-4, 2-10
**Who may apply**
Applicants, 2-3
ABCMR jurisdiction, 2-3

Exhibit 3

**Army Regulation 15–185**

Boards, Commissions, and Committees

# Army Board for Correction of Military Records

Headquarters
Department of the Army
Washington, DC
31 March 2006

## UNCLASSIFIED

# *SUMMARY of CHANGE*

AR 15–185
Army Board for Correction of Military Records

This rapid action revision dated 31 March 2006--

o  Updates policies and procedures in the reconsideration of Army Board for
   Correction of Military Records decision in order to comply with the United
   States District Court for the District of Columbia decision (Lipsman v.
   Secretary of the Army--Civil Action No. 02-0251, 2004 U.S. Dist. Lexis 17866)
   (para 2-15).

o  Updates appendix A.

This revision--

o  Updates information on the policy and procedures for the operation of the Army
   Board for Correction of Military Records.

o  Implements Department of Defense (DOD) Instruction 1336.6, Correction of
   Military Records (para 2-2a).

o  Implements that portion of section 1034 of title 10 of the U.S. Code and that
   portion of DOD Directive 7050.6, Military Whistleblower Protection, that
   pertain to actions by the Army Board for Correction of Military Records (para
   2-2b).

o  Prescribes DD Form 149 (Application for Correction of Military Record Under
   the Provisions of title 10, U.S. Code, section 1552) (para 2-3b).

**Headquarters**
**Department of the Army**
**Washington, DC**
**31 March 2006**

**\*Army Regulation 15–185**

**Effective 1 May 2006**

Boards, Commissions, and Committees

## Army Board for Correction of Military Records

By Order of the Secretary of the Army:

PETER J. SCHOOMAKER
*General, United States Army*
*Chief of Staff*

Official:

JOYCE E. MORROW
*Administrative Assistant to the*
*Secretary of the Army*

**History.** This publication is a rapid action revision. The portions affected by this rapid action revision are listed in the summary of change.

**Summary.** This regulation provides Department of the Army policy, criteria, and administrative instructions regarding an applicant's request for the correction of a military record.

**Applicability.** This regulation applies to the Active Army, the Army National Guard/Army National Guard of the United States, and the U.S. Army Reserve unless otherwise stated. Also, it applies to former soldiers of these organizations and their

heirs or legal representatives and other individuals, military or civilian, who are affected by a military record. Further, it applies to the Defense Finance and Accounting Service in settling claims as a result of correction of an Army military record. This regulation remains in full effect during mobilization.

**Proponent and exception authority.** The proponent of this regulation is the Assistant Secretary of the Army (Manpower and Reserve Affairs). The proponent has the authority to approve exceptions or waivers to this regulation that are consistent with controlling law and regulations. The proponent may delegate this approval authority, in writing, to a division chief within the proponent agency or its direct reporting unit or field operating agency, in the grade of colonel or the civilian equivalent. Activities may request a waiver to this regulation by providing justification that includes a full analysis of the expected benefits and must include formal review by the activity's senior legal officer. All waiver requests will be endorsed by the commander or senior leader of the requesting activity and forwarded through their higher headquarters to the policy proponent. Refer to AR 25–30 for specific guidance.

**Army management control process.**

This regulation contains management control provisions in accordance with AR 11–2, but does not identify key management controls that must be evaluated.

**Supplementation.** Supplementation of this regulation and establishment of command and local forms are prohibited without prior approval from HQDA, Assistant Secretary of the Army (Manpower and Reserve Affairs) (SAMR–ZA), Army Pentagon, Washington, DC 20310–0111.

**Suggested improvements.** Users are invited to send comments and suggested improvements on DA Form 2028 (Recommended Changes to Publications and Blank Forms) directly to the Department of the Army Review Boards Agency, ATTN: SAMR–ARBA, 1941 Jefferson Davis Highway, Arlington, VA 22202–4508.

**Distribution.** This publication is available in electronic media only and is intended for command levels C, D, and E for the Active Army, Army National Guard/Army National Guard of the United States, and the U.S. Army Reserve.

**Contents** (Listed by paragraph and page number)

**Chapter 1**
**Introduction,** *page 1*

*Section I*
*General, page 1*
Purpose • 1–1, *page 1*
References • 1–2, *page 1*
Explanation of abbreviations and terms • 1–3, *page 1*
Statutory authority • 1–4, *page 1*

*Section II*
*Responsibilities, page 1*

\*This regulation supersedes AR 15–185, dated 29 February 2000.

AR 15–185 • 31 March 2006       i
**UNCLASSIFIED**

**Contents—Continued**

The Secretary of the Army • 1–5, *page 1*
The Director, Army Board for Correction of Military Records • 1–6, *page 1*
The chair of an Army Board for Correction of Military Records panel • 1–7, *page 1*
The Army Board for Correction of Military Records members • 1–8, *page 1*
The Director, Army Records Holding Agency • 1–9, *page 1*
The commanders of Army Staff agencies and commands • 1–10, *page 2*
The Director, Defense Finance and Accounting Service • 1–11, *page 2*

**Chapter 2**
**General,** *page 2*

*Section I*
*Army Board for Correction of Military Records Establishment and Functions, page 2*
Army Board for Correction of Military Records establishment • 2–1, *page 2*
Army Board for Correction of Military Records functions • 2–2, *page 2*

*Section II*
*Application Procedures, page 2*
Who may apply • 2–3, *page 2*
Time limits • 2–4, *page 2*
Administrative remedies • 2–5, *page 3*
Stay of other proceedings • 2–6, *page 3*
Counsel • 2–7, *page 3*

*Section III*
*Actions by the Army Board for Correction of Military Records Director and Staff, page 3*
Criteria • 2–8, *page 3*
Burden of proof • 2–9, *page 3*
Army Board for Correction of Military Records consideration • 2–10, *page 3*

*Section IV*
*Hearings and Disposition of Applications, page 3*
Army Board for Correction of Military Records hearings • 2–11, *page 3*
Army Board for Correction of Military Records decisions • 2–12, *page 3*
Army Board for Correction of Military Records final action • 2–13, *page 3*
Decision of the Secretary of the Army • 2–14, *page 4*
Reconsideration of Army Board for Correction of Military Records decision • 2–15, *page 4*

**Chapter 3**
**Claims/Expenses,** *page 4*
Authority • 3–1, *page 4*
Settlement of claims • 3–2, *page 4*
Payment of expenses • 3–3, *page 4*

**Chapter 4**
**Miscellaneous Provisions,** *page 5*
Special standards • 4–1, *page 5*
Public access to decisions • 4–2, *page 5*

**Appendix A.**   References, *page 6*

**Glossary**

**Index**

# Chapter 1
# Introduction

## Section I
## General

### 1–1. Purpose
This regulation prescribes the policies and procedures for correction of military records by the Secretary of the Army, acting through the Army Board for Correction of Military Records (ABCMR).

### 1–2. References
Required and related publications and prescribed and referenced forms are listed in appendix A.

### 1–3. Explanation of abbreviations and terms
Abbreviations and special terms used in this regulation are explained in the glossary.

### 1–4. Statutory authority
Section 1552, Title 10, United States Code (10 USC 1552) is the statutory authority for this regulation.

## Section II
## Responsibilities

### 1–5. The Secretary of the Army
The Secretary of the Army will oversee the operations of the ABCMR. The Secretary will take final action on applications, as appropriate.

### 1–6. The Director, Army Board for Correction of Military Records
The Director, ABCMR will manage the ABCMR day–to–day operations.

### 1–7. The chair of an Army Board for Correction of Military Records panel
The chair of a given ABCMR panel will—
*a.* Preside over the panel.
*b.* Conduct a hearing.
*c.* Maintain order.
*d.* Ensure the applicant receives a full and fair opportunity to be heard.
*e.* Certify the written record of proceedings in pro forma and formal hearings as being true and correct.

### 1–8. The Army Board for Correction of Military Records members
The ABCMR members will—
*a.* Review all applications that are properly before them to determine the existence of error or injustice.
*b.* Direct or recommend changes in military records to correct the error or injustice, if persuaded that material error or injustice exists and that sufficient evidence exists on the record.
*c.* Recommend a hearing when appropriate in the interest of justice.
*d.* Deny applications when the alleged error or injustice is not adequately supported by the evidence and when a hearing is not deemed proper.
*e.* Deny applications when the application is not filed within prescribed time limits and when it is not in the interest of justice to excuse the failure to file in a timely manner.

### 1–9. The Director, Army Records Holding Agency
The director of an Army records holding agency will—
*a.* Take appropriate action on routine issues that may be administratively corrected under authority inherent in the custodian of the records and that do not require ABCMR action.
*b.* Furnish all requested Army military records to the ABCMR.
*c.* Request additional information from the applicant, if needed, to assist the ABCMR in conducting a full and fair review of the matter.
*d.* Take corrective action directed by the ABCMR or the Secretary of the Army.
*e.* Inform the Defense Finance and Accounting Service (DFAS), when appropriate; the applicant; the applicant's counsel, if any; and the interested Members of Congress, if any, after a correction is complete.
*f.* Return original records of the soldier or former soldier obtained from the Department of Veterans Affairs.

## 1–10. The commanders of Army Staff agencies and commands

The commanders of Army Staff agencies and commands will—

   *a.* Furnish advisory opinions on matters within their areas of expertise upon request of the ABCMR and in a timely manner.

   *b.* Obtain additional information or documentation as needed before providing the opinions to the ABCMR.

   *c.* Provide records, investigations, information, and documentation upon request of the ABCMR.

   *d.* Provide additional assistance upon request of the ABCMR.

   *e.* Take corrective action directed by the ABCMR or the Secretary of the Army.

## 1–11. The Director, Defense Finance and Accounting Service

At the request of the ABCMR staff, the Director, DFAS, will—

   *a.* Furnish advisory opinions on matters within the DFAS area of expertise upon request.

   *b.* Obtain additional information or documentation as needed before providing the opinions.

   *c.* Provide financial records upon request.

   *d.* Settle claims that are based on ABCMR final actions, on behalf of the Army.

   *e.* Report quarterly to the ABCMR Director on the monies expended as a result of ABCMR action and the names of the payees.

# Chapter 2
# General

## Section I
## Army Board for Correction of Military Records Establishment and Functions

### 2–1. Army Board for Correction of Military Records establishment

The ABCMR operates pursuant to law (10 USC 1552) within the Office of the Secretary of the Army. The ABCMR consists of civilians regularly employed in the executive part of the Department of the Army (DA) who are appointed by the Secretary of the Army and serve on the ABCMR as an additional duty. Three members constitute a quorum.

### 2–2. Army Board for Correction of Military Records functions

   *a.* The ABCMR considers individual applications that are properly brought before it. In appropriate cases, it directs or recommends correction of military records to remove an error or injustice.

   *b.* When an applicant has suffered reprisal under 10 USC 1034 and DODD 7050.6, the ABCMR may recommend to the Secretary of the Army that disciplinary or administrative action be taken against any Army official who committed an act of reprisal against the applicant.

   *c.* The ABCMR will decide cases on the evidence of record. It is not an investigative body. The ABCMR may, in its discretion, hold a hearing (sometimes referred to as an evidentiary hearing or an administrative hearing in 10 USC 1034 and DODD 7050.6) or request additional evidence or opinions.

## Section II
## Application Procedures

### 2–3. Who may apply

   *a.* The ABCMR's jurisdiction under 10 USC 1552 extends to any military record of the DA. It is the nature of the record and the status of the applicant that define the ABCMR's jurisdiction.

   *b.* Usually applicants are soldiers or former soldiers of the Active Army, the U.S. Army Reserve (USAR), and in certain cases, the Army National Guard of the United States (ARNGUS) and other military and civilian individuals affected by an Army military record. Requests are personal to the applicant and relate to military records. Requests are submitted on DD Form 149 (Application for Correction of Military Record Under the Provisions of Title 10, U.S. Code, Section 1552). Soldiers need not submit applications through their chain of command.

   *c.* An applicant with a proper interest may request correction of another person's military records when that person is incapable of acting on his or her own behalf, missing, or deceased. Depending on the circumstances, a child, spouse, parent, or other close relative, heir, or legal representative (such as a guardian or executor) of the soldier or former soldier may be able to demonstrate a proper interest. Applicants must send proof of proper interest with the application when requesting correction of another person's military records.

### 2–4. Time limits

Applicants must file an application within 3 years after an alleged error or injustice is discovered or reasonably should

have been discovered. The ABCMR may deny an untimely application. The ABCMR may excuse untimely filing in the interest of justice.

## 2–5. Administrative remedies

The ABCMR will not consider an application until the applicant has exhausted all administrative remedies to correct the alleged error or injustice.

## 2–6. Stay of other proceedings

Applying to the ABCMR does not stay other proceedings.

## 2–7. Counsel

*a.* Applicants may be represented by counsel, at their own expense.
*b.* See DODD 7050.6 for provisions for counsel in cases processed under 10 USC 1034.

## Section III
## Actions by the Army Board for Correction of Military Records Director and Staff

## 2–8. Criteria

The ABCMR staff will review each application to determine if it meets the criteria for consideration by the ABCMR. The application may be returned without action if—

*a.* The applicant fails to complete and sign the application.
*b.* The applicant has not exhausted all other administrative remedies.
*c.* The ABCMR does not have jurisdiction to grant the requested relief.
*d.* No new evidence was submitted with a request for reconsideration.

## 2–9. Burden of proof

The ABCMR begins its consideration of each case with the presumption of administrative regularity. The applicant has the burden of proving an error or injustice by a preponderance of the evidence.

## 2–10. Army Board for Correction of Military Records consideration

*a.* A panel consisting of at least three ABCMR members will consider each application that is properly brought before it. One panel member will serve as the chair.
*b.* The panel members may consider a case on the merits in executive session or may authorize a hearing.
*c.* Each application will be reviewed to determine—
(1) Whether the preponderance of the evidence shows that an error or injustice exists and—
*(a)* If so, what relief is appropriate.
*(b)* If not, deny relief.
(2) Whether to authorize a hearing.
(3) If the application is filed outside the statute of limitations and whether to deny based on untimeliness or to waive the statute in the interest of justice.

## Section IV
## Hearings and Disposition of Applications

## 2–11. Army Board for Correction of Military Records hearings

Applicants do not have a right to a hearing before the ABCMR. The Director or the ABCMR may grant a formal hearing whenever justice requires.

## 2–12. Army Board for Correction of Military Records decisions

The panel members' majority vote constitutes the action of the ABCMR. The ABCMR's findings, recommendations, and in the case of a denial, the rationale will be in writing.

## 2–13. Army Board for Correction of Military Records final action

The panel members' majority vote constitutes the action of the ABCMR. The ABCMR's findings, recommendations, and in the case of a denial, the rationale will be in writing.

*a.* Except as otherwise provided, the ABCMR acts for the Secretary of the Army, and an ABCMR decision is final when it—
(1) Denies any application (except for actions based on reprisals investigated under 10 USC 1034).
(2) Grants any application in whole or in part without a hearing when—
*(a)* The relief is as recommended by the proper staff agency in an advisory opinion.

*(b)* Is unanimously agreed to by the ABCMR panel.

*(c)* Does not involve an appointment or promotion requiring confirmation by the Senate.

*b.* The ABCMR will forward the decisional document to the Secretary of the Army for final decision in any case in which—

(1) A hearing was held.

(2) The facts involve reprisals under the Military Whistleblower Protection Act, confirmed by the DOD Inspector General (DODIG) under 10 USC 1034 and DODD 7050.6.

(3) The ABCMR recommends relief but is not authorized to act for the Secretary of the Army on the application.

## 2–14. Decision of the Secretary of the Army

*a.* The Secretary of the Army may direct such action as he or she deems proper on each case. Cases returned to the Board for further consideration will be accompanied by a brief statement of the reasons for such action. If the Secretary does not accept the ABCMR's recommendation, adopts a minority position, or fashions an action that he or she deems proper and supported by the record, that decision will be in writing and will include a brief statement of the grounds for denial or revision.

*b.* The Secretary of the Army will issue decisions on cases covered by the Military Whistleblower Protection Act (10 USC 1034 and DODD 7050.6). In cases where the DODIG concluded that there was reprisal, these decisions will be made within 180 days after receipt of the application and the investigative report by the DODIG, the DA Inspector General (DAIG), or other Inspector General offices. Unless the full relief requested is granted, these applicants will be informed of their right to request review of the decision by the Secretary of Defense.

## 2–15. Reconsideration of Army Board for Correction of Military Records decision

An applicant may request the reconsideration of an ABCMR decision under the following circumstances:

*a.* If the ABCMR receives the request for reconsideration within 1 year of the ABCMR's original decision and if the ABCMR has not previously reconsidered the matter, the ABCMR staff will review the request to determine if it contains evidence (including, but not limited to, any facts or arguments as to why relief should be granted) that was not in the record at the time of the ABCMR's prior consideration. If new evidence has been submitted, the request will be submitted to the ABCMR for its determination of whether the new evidence is sufficient to demonstrate material error or injustice. If no new evidence is found, the ABCMR staff will return the application to the applicant without action.

*b.* If the ABCMR receives a request for reconsideration more than 1 year after the ABCMR's original decision or after the ABCMR has already considered one request for reconsideration, then the case will be returned without action and the applicant will be advised the next remedy is appeal to a court of appropriate jurisdiction.

# Chapter 3
# Claims/Expenses

## 3–1. Authority

*a.* The Army, by law, may pay claims for amounts due to applicants as a result of correction of military records.

*b.* The Army may not pay any claim previously compensated by Congress through enactment of a private law.

*c.* The Army may not pay for any benefit to which the applicant might later become entitled under the laws and regulations managed by the Department of Veterans Affairs.

## 3–2. Settlement of claims

*a.* The ABCMR will furnish DFAS copies of decisions potentially affecting monetary entitlement or benefits. The DFAS will treat such decisions as claims for payment by or on behalf of the applicant.

*b.* The DFAS will settle claims on the basis of the corrected military record. The DFAS will compute the amount due, if any. The DFAS may require applicants to furnish additional information to establish their status as proper parties to the claim and to aid in deciding amounts due. Earnings received from civilian employment during any period for which active duty pay and allowances are payable will be deducted. The applicant's acceptance of a settlement fully satisfies the claim concerned.

## 3–3. Payment of expenses

The Army may not pay attorney's fees or other expenses incurred by or on behalf of an applicant in connection with an application for correction of military records under 10 USC 1552.

# Chapter 4
# Miscellaneous Provisions

## 4–1. Special standards

*a.* Pursuant to the 27 November 1979 order of the United States District Court for the District of Columbia in *Giles v. Secretary of the Army* (Civil Action No. 77–0904), a former Army soldier is entitled to an honorable discharge if a less than honorable discharge was issued to the soldier on or before 27 November 1979 in an administrative proceeding in which the Army introduced evidence developed by or as a direct or indirect result of compelled urinalysis testing administered for the purpose of identifying drug abusers (either for the purposes of entry into a treatment program or to monitor progress through rehabilitation or follow-up).

*b.* Applicants who believe that they fall within the scope of paragraph *a,* above, should place the term "CATEGORY G" in block 11b of DD Form 149. Such applications should be expeditiously reviewed by a designated official, who will either send the individual an honorable discharge certificate if the individual falls within the scope of paragraph *a,* above, or forward the application to the Discharge Review Board if the individual does not fall within the scope of paragraph *a,* above. The action of the designated official will not constitute an action or decision by the ABCMR.

## 4–2. Public access to decisions

*a.* After deletion of personal information, a redacted copy of each decision will be indexed by subject and made available for review and copying at a public reading room at Crystal Mall 4, 1941 Jefferson Davis Highway, Arlington, VA. The index will be in a usable and concise form so as to indicate the topic considered and the reasons for the decision. Under the Freedom of Information Act, records created on or after 1 November 1996 will be available by electronic means.

*b.* Under the Freedom of Information Act and the Privacy Act of 1974, the ABCMR will not furnish to third parties information submitted with or about an application unless specific written authorization is received from the applicant or unless the Board is otherwise authorized by law.

**Appendix A**
**References**

**Section I**
**Required Publications**
This section contains no entries.

**Section II**
**Related Publications**
A related publication is a source of additional information. The user does not have to read a related reference to understand this publication.

**AR 15–130**
Army Clemency and Parole Board

**AR 25–55**
The Department of the Army Freedom of Information Act Program

**AR 340–21**
The Army Privacy Program

**AR 600–8–104**
Military Personnel Information Management/Records

**DODD 7050.6**
Military Whistleblower Protection

**5 USC 552**
Public information; agency rules, opinions, orders, records, and proceedings

**10 USC 1034**
Protected communications; prohibition of retaliatory personnel actions

**10 USC 1552**
Correction of military records: claims incident thereto

**38 USC 5902**
Recognition of representatives of organizations

**Section III**
**Prescribed Forms**
This prescribed form is available through the normal supply channels and the APD Web site http://www.apd.army.mil.

**DD Form 149**
Application for Correction of Military Record Under the Provisions of Title 10, U.S. Code, Section 1552 (prescribed in para 2–3*b*).

**Section IV**
**Referenced Forms**
This section contains no entries.

**Glossary**

**Section I**
**Abbreviations**

**ABCMR**
Army Board for Correction of Military Records

**AR**
Army regulation

**ARNGUS**
Army National Guard of the United States

**ATTN**
Attention

**DA**
Department of the Army

**DAIG**
Department of the Army Inspector General

**DFAS**
Defense Finance and Accounting Service

**DOD**
Department of Defense

**DODD**
Department of Defense Directive

**DODIG**
Department of Defense Inspector General

**HQDA**
Headquarters, Department of the Army

**IG**
Inspector General

**U.S.**
United States (of America)

**USAR**
U.S. Army Reserve

**USC**
United States Code

**Section II**
**Terms**

**Applicant**
A person who applies to the ABCMR for correction of an Army military record.

**Counsel**
Includes individuals in good standing of the Federal bar or the bar of any state, territory or the District of Columbia; accredited representatives of veterans' organizations recognized under 38 USC 5902; and other individuals determined by the ABCMR to be competent to represent the interests of the applicant. Army Judge Advocate General's Corps officers may assist in the preparation and submission of an application to the ABCMR. However, they may not

represent an applicant at a hearing, if one is granted, without written approval of The Judge Advocate General of the Army.

**Official military personnel file**
The permanent, historical, and official record of a soldier's military service.

**Records Holding Agency**
The agency responsible for the safe storage, maintenance, and control of records.

**Secretary of the Army**
Includes the Secretary's designee to act on ABCMR matters.

**Section III**
**Special Abbreviations and Terms**
This section contains no entries.

## Index

This index is organized alphabetically by topic and subtopic. Topics and subtopics are identified by paragraph number.

**ABCMR decisions**
  Action of the ABCMR, 1–8, 2–2, 2–8
  Decisional documents, 2–13
  Determinations, 1–8, 2–12
  \Military Whistleblower Protection Act provisions, 2–12, 2–14
**ABCMR deliberations**
  ABCMR determinations, 2–14, 2–15
  Advisory opinions, 1–10, 1–11
  Denial of applications, 1–8, 2–12, 2–13
  Evidence considered, 2–10
**ABCMR hearings**
  Evidence considered, 2–10
  Executive session, 2–10
  Hearings, 2–10, 2–11
  Military Whistleblower Protection Act provisions, 2–2, 2–14
  No right to hearing, 2–11
**ABCMR information sources**
  Advisory opinions, 1–10, 1–11, 2–13
  Information from other Government sources, 1–9, 1–10
  Presumption of administrative regularity, 2–9
  Reports from IG, 2–14
**Access to records**
  Records access, 4–2
  Request for official records, 4–2
**Action after final decision**
  Filing of documentation, 1–9
  Notification to applicant, 1–9
  Notification to Army/Defense officials , 1–9, 3–2
  Notification to counsel/Members of Congress, 1–9
**Actions by the ABCMR staff**
  Administrative denial, 2–8
  Notification to applicant, 2–8
  Preview of applications, 2–8
**Application forms**
  Completion of forms, 2–3, 2–8

**Claims/expenses**
  Authority for payment, 3–1
  Payments not authorized, 3–1, 3–3
**Consideration by the ABCMR**
  Composition of ABCMR panel, 2–10
  Evidence considered, 2–10
**Counsel representation**
  Counsel at applicant's own expense, 2–7
  Definition of counsel, 2–7
  Representation by Army Judge Advocate General Corps officer, 2–7

**Decision of the Secretary of the Army**
  Military Whistleblower Protection Act provisions, 2–13, 2–14
  Review by the Secretary of Defense, 2–14
  Secretary of the Army's actions, 1–5, 2–13, 2–14
**Decisional documents**
  Evidence considered, 2–13

**Explanation of abbreviations and terms, Glossary**

**Final action by the ABCMR**
    Actions of the ABCMR, 2–12, 2–13
    Decisional documents, 2–13
**Form prescribed**
    Completion of form, 2–8, 4–1
    Minority reports, 2–14

**Payment of expenses**
    Payments not authorized, 3–1, 3–3
**Preparation before applying**
    Applicant's actions before applying, 2–5
**Public access to decision**
    Documents available to review, 4–2
    Index of decisions, 4–2
    Prohibitions on furnishing information, 4–2
    Purpose paragraph, 1–1

**Reconsideration of applications**
    Actions on requests for reconsideration, 2–15
    Basis for reconsideration, 2–15
    Notification to applicant, 2–15
**References**
    Prescribed and referenced forms, appendix A
    Related publications, appendix A
**Report of settlement**
    The Army section of the DFAS action, 1–11
**Responsibilities**
    ABCMR members, 1–8, 2–14
    Applicant, 2–3, 2–4, 2–5, 2–6, 2–10, 2–11, 2–12, 2–13, 3–2
    Army records holding agency, 1–9, 4–2
    DFAS, 1–11, 3–1, 3–2, 3–3
    Army Staff agencies and/or commands, 1–10
    Chair, 1–7
    Director of the ABCMR, 1–6
    Secretary of the Army, 1–1, 1–5, 1–9, 2–1, 2–13, 4–2

**Separate communications**
    Comments/Recommendations to the Secretary of the Army, 2–14
**Settlement of claims**
    Army section of the DFAS actions, 1–11, 3–1, 3–2, 3–3
    Settlement report, 1–11
**Setup of the ABCMR**
    Authority for ABCMR, 2–1
    Composition of ABCMR, 2–1
    Special Standards, 4–1
**Staff assistance**
    Advisory opinions, 1–10, 1–11
    Compliance with requests, 1–10, 1–11, 1–14
    Information from other Government sources, 2–13, 4–2
    Statutory authority, 1–4
    Stay on other proceedings, 2–6

**Time limits**
    Excusing a failure to timely file, 2–4, 2–10
    Failure to timely apply, 2–4, 2–10

**Who may apply**
    Applicants, 2–3
    ABCMR jurisdiction, 2–3

**UNCLASSIFIED**

PIN 000431-000



ELECTRONIC  PUBLISHING  SYSTEM
OneCol FORMATTER WIN32 Version 231

PIN:           000431–000
DATE:          03-31-06
TIME:          10:48:24
PAGES  SET:    14

DATA  FILE:    C:\wincomp\r15-185.fil
DOCUMENT:      AR  15–185

SECURITY:      UNCLASSIFIED
DOC STATUS: REVISION