# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Roland Jones                                    (
                                                (
                    Plaintiff                   (
                                                (
                                                (
v.                                              (          Civil Action No. 07-2041 (PLF)
                                                (
                                                (
Pete Geren,                                     (
      Secretary of the Army, <u>et al</u>.,     (
                                                (
                    Defendant                   (
                                                (

## PLAINTIFF'S MOTION TO DENY
## DEFENDANT' MOTION TO DISMISS

Plaintiff hereby moves this Honorable Court to deny Defendant's motion to dismiss.  In

support of this Motion, the Court is referred to the accompanying Memorandum.

Respectively Submitted,

Law Offices of Carolyn Elefant

_____/s/_____

Carolyn Elefant
Counsel
DC Bar Number:
1717 K Street, N.W. Ste. 600
Washington D.C. 20036
O:  (202) 297-6100
F:  (202)
loce@his.com
Lead Attorney


LAW OFFICE OF MICHAEL D.J. EISENBERG
ATTORNEY AND COUNSELOR AT LAW

_____/s/_____

Michael D.J. Eisenberg
DC Bar Number:
700 12th Street, NW
Suite 700
Washington, DC  20005
O:  (202) 558-6371
F:  (202) 403-3430
michael@eisenberg-lawoffice.com
Co-Counsel for the Plaintiff
Roland Jones

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Roland Jones                                  (
                                              (
      Plaintiff                   (
                                              (
                                              (
v.                                            (          Civil Action No. 07-2041 (PLF)
                                              (
                                              (
Pete Geren,                                   (
   Secretary of the Army, <u>et</u> <u>al</u>.,   (
                                              (
      Defendant                   (
                                              (

## PLAINTIFF'S MEMORANDUM IN SUPPORT TO
## DENY DEFENDANT'S MOTIONS TO DISMISS

**A.      Introduction**

      Plaintiff was denied his rights of due process when the Army Board for Correction of

Military Records (*hereinafter* "ABCMR") staff made substantive decisions to deny his military

record correction requests.  Defendants arguments that Plaintiff's appeal before this Honorable

Court is contrary to law are unfounded.  Plaintiff meets the requisites under the Administrative

Procedure Act (hereinafter "APA"), 5 U.S.C. §706, et. seq., 28 U.S.C. §1331, the Declaratory

Judgement Act, 28 U.S.C. §§2201-2202, the All-Writs Act, 28 U.S.C. 1651, and the Mandamus

Act, 28 U.S.C. 1361.

**B.      Facts**

      Lieutenant Colonel (U.S. Army Retired) Roland Jones, (*hereinafter "*Plaintiff") enlisted

in the United States Army (*hereinafter* "Army") on June 1, 1959.  *Exhibit* A.  Plaintiff moved up

through the ranks and Plaintiff was eventually up for promotion to the rank of *temporary*

Lieutenant Colonel (hereinafter "LTC") in 1974.  *Exhibit C1-C5.*  Plaintiff was originally denied

this promotion and a pass over letter was placed in Plaintiff's record.  *Exhibit* B1.  But the Army

Review Board was later deemed to be improper because of its illegal mission.  *See generally*

Dilley v. Alexander, 603 F.2d 914 (C.A.D.C. 1979).

      Plaintiff was retroactively promoted to LTC.  **But** the pass over letter from the illegal

Review Board (along with another pass over from a subsequent, and later deemed improper,

Review Board that was held before the retroactive promotion was implemented) remained in his

file.  *Exhibits* B2 and C1-C5

      Plaintiff was up for promotion to the rank of *permanent* LTC in 1979 and 1980.  *Exhibits*

*D1-2.*  But again, he was passed over for promotion.  The earlier pass over letters were still in

his file during these review boards.  A Major (or as in this case a *temporary* LTC) who is not a

permanent LTC after two pass overs must retire from the Army.  *See* 10 USC 632 and *see* also

Exhibit D1-D2.  Subsequently, Plaintiff retired from the military in September 1980.  *Exhibit* A.

      On or about the mid-1980s, Plaintiff filed a request for a "correction of military records"

to the ABCMR.  Exhibits E1-E16.  He requested a retroactive promotion and back pay.  Plaintiff

alleged racial discrimination in the Board Review's (*hereinafter* "Board") prior process.

ABCMR denied Plaintiff's request and later his Request for Reconsideration and subsequent

Requests for "correction of his military records."  In federal court, Plaintiff, acting as his own

counsel, sued his discharge on the basis of discrimination and lost on appeal.  See Jones v. Sec'y

of Army, Docket Nos, 88-00727; 99-11525.  (Defense Ex. 1).

On or about June 1998, Plaintiff submitted a new "correction of records" request with ABCMR; Plaintiff's new argument was that he was harmed because the Board improperly had before it his pass over letters from the "improper" <u>Dilley</u> Boards. *Exhibits* F1-4. ABCMR again denied his request. It opined: "[Plaintiff's] citation of case law [<u>Dilley</u>] concerning arbitrary and capricious actions are not germane to his case". *Exhibit* F3. ABCMR gave no explanation as to why Plaintiff's citation of relevant case law was not "germane" to his situation.

Plaintiff made several (direct and indirect) requests for reconsideration to ABCMR. *Exhibits* G, H, I, J, K, and L. First in a timely filling on July 3, 1998, Plaintiff asserted, in part, that improper and non-relevant documents were combined with its decision when it was delivered to the Plaintiff. On March 29, 1999, ABCMR staff member, G. E. Vanderberg, opined that the review of Plaintiff's file did reveal that there was additional documentation not relevant to his case. *Exhibit* G. Mr. Vanderberg continued noting that if the documents were deemed to have caused the Board to adjudge Plaintiff's request improperly, Plaintiff would hear from ABCMR. Otherwise, the case would be closed.

Plaintiff again attempted to reach the Board in 2000 (through the Honorable John Lewis?). On January 9, 2001, Army Review Boards Agency wrote to the Honorable Lewis. *Exhibit* H. It noted that Plaintiff's case was opened based on Plaintiff's 2000 letter and the screening team closed the case. The letter did not state if the actions were based on procedural or substantive issues.

In his March 15, 2002, letter, Carl Chun, Director of ABCMR, stated "I have read your letter, reviewed all available information pertaining to your case and **determined** the [ABCMR] decision was based on the evidence of record and can find no justification for reopening your

case." *Exhibit* I (*Emphasis added*).  Subsequent denials made by ABCMR staff just noted that Plaintiff's request for "correction of military records" had been before ABCMR in the past and the staff would not let Plaintiff proceed to ABCMR Board.  Their denial letter did not offer any analysis of the substance of Plaintiff's arguments.  On June 6, 2005, Army Review Boards Agency staff member, Rick A. Schweigert, informed Plaintiff that Plaintiff had exhausted his administrative appeals before ABCMR and that he could file suit in federal court.  *Exhibit* L.

Plaintiff files this appeal before this Honorable Court.

## C.    THIS HONORABLE COURT HAS JURISDICTION OVER PLAINTIFF'S SUBJECT MATTER UNDER FED. R. CIV. P. 12(b)(1) AND PLAINTIFF HAS STATED A CLAIM UNDER FED. R. CIV. P. 12(B)(6).

This Court has jurisdiction over Plaintiff's complaint.  "A military service Secretary's correction-board decisions are subject to review under §706 of the Administrative Procedure Act, 5 U.S.C. §706." Robinson v. Dalton, 45 F.Supp.2d 1, 3 (D.C., 1998) *citing* Chappell v. Wallace, 462 U.S. 296, 303, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983); Frizelle v. Slater, 111 F.3d 172, 176 (D.C.Cir.1997); Dickson v. Secretary of Defense, 68 F.3d 1396, 1404 (D.C.Cir.1995); Kreis v. Secretary of the Air Force, 866 F.2d 1508, 1513-14 (D.C.Cir.1989).  Plaintiff continues to assert that the ABCMR's denial to "correct his military record" was "arbitrary and capricious, contrary to law, or unsupported by substantial evidence." Robinson at 3 *discussing*, 5 U.S.C. §706 *referencing* Frizelle, 111 F.3d at 177; Dickson, 68 F.3d at 1402.  The issue germane to this Honorable Court is that the Secretary denied Plaintiff **due process** when it allowed the ABCMR staff to make (or failed to make for not considering allowing the request through to the Board if justice so required, *See Section G., infra.*) substantive decisions regarding records' correction

issues.

### D.   **LIPSMAN** NOR **ROBERTS** GIVES THE DEFENDANT'S REMEDY IN THIS CASE.

   i.   **The Secretary had acted beyond his discretion when he allowed staff members to dismiss Plaintiff's request for reconsideration as discussed in Lipsman v. Secretary of Army.**

ABCMR has acted "arbitrary and capricious" with Plaintiff's requests for the correction of his records.  This court has recently upheld that the Secretary of the Army (hereinafter "Secretary") has had discretion regarding the correction of military records.  *See generally,* Lipsman v. Secretary of Army, 335 F.Supp.2d 48 (D.D.C., 2004).  However, this Court also confined the Secretary's "discretion" to the Board Members of the ABCMR, not its staff.  *Id.* at 54.

In Lipsman, Claimants requested a correction to their respective military records by the ACBMR.  *Id.* at 51.  Claimants' requests were denied.  Claimants filed requests for reconsideration based on new evidence.  The director of ABCMR denied their request stating ". . . that ABCMR staff members had **determined** that their applications did not contain sufficient evidence 'showing[ing] fraud, mistake of law, mathematical miscalculation, manifest error, or if there exists substantial evidence discovered contemporaneously or within a short time after the Board's original decision.'"  *Id.*

This Court held in Lipsman that the Secretary's actions were beyond his authority:

. . . 10 U.S.C. § 1552(a)(1) expressly requires that the Secretary, when exercising his discretion to correct military records, must "act through boards of civilians." Here, ABCMR is the relevant board of civilians. The main point of contention between the two parties rests on whether § 1552 applies to both original applications for correction and

> subsequent requests for reconsideration or, as the defendants argue, only the former. The
> court finds the defendants' interpretation unpersuasive and impermissible.
>
> 10 U.S.C. § 1552 does not distinguish between original applications and subsequent
> requests for reconsideration, but rather, as stated by the statute's own title, covers the
> "correction of military records." Regardless of whether a serviceman's application is
> original or subsequent or whether it is labeled as an application or a request, both actions
> seek the "correction of military records." As such, both actions invoke the statutory
> guidelines of § 1552. Accordingly, because the plain meaning of § 1552 and the term
> "correction of military records" encompasses requests for reconsideration, the Secretary
> was bound to act through the ABCMR, not its staff members. Wilson, 290 F.3d at 352.

*Id.* at 53-54. Simply put, the <u>Lipsman</u> Court opined that the Secretary does not have the ability

to allow staff members of the ABCMR to adjudicate "corrections of military records." The

Court remanded the issue back to the ABCMR with the following guidelines:

1) [C]onduct a hearing or thoroughly review all of the available evidence, including the
   new evidence presented by the individual plaintiffs;

2) determine whether the entirety of the evidence warrants a correction of the records; and

3) state in writing and with the requisite specificity, the evidence considered and the factual
   and legal basis for the determination reached.

*Id.* at 56.

In the case *sub judice*, Plaintiff requested a "correction of [his] military records"

by the ABCMR. Plaintiff had raised a new issue: The ABCMR had made a mistake in

the law and manifest error when it ruled in the 1980s and in the 1990s – in particular, by

not following <u>Dilley</u>. *Please see Section E, infra*. The Secretary extended Plaintiff's

cause of action when in 2002, 2001, and 1999, he erroneously allowed his staff the

discretion to determine that Plaintiff's submission did not "contain sufficient evidence"

to be brought before the Board. This was a substantive decision to be made by the

ABCMR Board not ABCMR's staff or the Secretary's staff. The actions of the ABCMR

staff in 2005 made a procedural determination that Plaintiff was not entitled to file for a request for reconsideration. However, these denials failed to incorporate whether Plaintiff's requests met the standard of 10 U.S.C. 1552(b) – that it would be in the matter of justice to allow Plaintiff's case to be heard before the Board. Furthermore, the denial in 1998 and the subsequent denials failed to provide requisite specificity. All of these errors provided Plaintiff an opportunity to file an appeal to the ABCMR and this Court on a new issue, staff determining substantive decisions, which in turn tolled Plaintiff's case. The substantive analysis (or lack thereof) made by the ABCMR staff members in lieu of ABCMR Board members, as had been ABCMR's analysis in its June 10, 1998, decision, had not only been arbitrary and capricious but improper as a matter of law. Each ABCMR's staff denial tolled the 1998 ABCMR decision and also created a new issue to which Plaintiff could directly appeal.

This Honorable Court must follow its own precedent. Given that Plaintiff's situation mirrors those in <u>Lipsman</u>, the Court should at least remand this case back to ABCMR, order ABCMR to evaluate the entire record, and state in writing with particularity its conclusion. However, whether this Court determines that the denials by the staff members are directly actionable by Plaintiff, or that the facts in Plaintiff's case toll the statute of limitations to include the actions of the 1998 Board, the ABCMR should be ordered to follow **<u>Dilley</u>** in its analysis of Plaintiff's case and provide a response with the requisite detail required by law.

ii. **Defendant's reliance on <u>Roberts v. Geren</u> is misplaced: The legal question presented to this Court is of *due process* not of *substantive law.***

The Claimant in Roberts brought forth two actions before the federal court for the

military's failure to correct Claimant's record and properly promote him.  (Although it is unclear if both Claimant's actions are stemming directly from the ABCMR or just the latter action with the former beging directly against the military).  See Roberts v. Geren, 2007 U.S. Dist. LEXIS 94124 (D.D.C. 2007).  Claimant had an opportunity to appear before the board each time prior to filing each suit.  Also, both of Claimant's claims before the federal court were of substantive legal questions.  This is contrary to Plaintiff's claim before this Court.

Plaintiff's present claim is the denial of due process by the ABCMR.  The ruling from our Superior Court's in Dilley opined that it was denial of **due process** (**not of substantive law**) to allow staff (and not the Board) to make substantive decisions.  Roberts simply has no bearing on the case *sub judice*.

### E.    THE ABCMR HAD ACTED ARBITRARILY AND CAPRICIOUSLY WHEN IT DENIED PLAINTIFF RELIEF AS PROVIDED BY THIS COURT'S PRIOR RULING IN DILLEY V. ALEXANDER.

Plaintiff asserts that the ABCMR has acted arbitrarily and capriciously because it failed to follow the precedent set by this Court's superior court in Dilley v. Alexander, 603 F.2d 914 (C.A.D.C. 1979).  In Dilley, members of the U.S. Army were passed over for promotion in 1975 by an improperly convened Review Board.  Upon discovery of the error as harmed members requested a records' correction with the ABCMR, Review Boards were to ". . . be 'reconstituted' with the proper membership and that these so-called 'Relook Boards' reconsider [all eligible officers who had been harmed by the 1975 Board]."  Dilley at 919.

However before the "Relook Board" was implemented, another Selection Promotion Board was conducted.  This Board had before it the pass over letters from the 1975 improperly

convened board.  Appellants' in <u>Dilley</u> were once again not promoted from their temporary

grade.  The ABCMR concluded:

> That the applicants' record having been reconstituted it the manner proscribed by
> the Secretary and having been reviewed by properly reconstituted . . promotion
> boards under the . . . 1975 criteria, it is reasonable to presume that had they been
> considered by properly constituted boards, they would not have been selected for
> promotion at the time considered under the "best qualified" method.

*Id*. at 917.

The Army asserted in <u>Dilley</u> that regardless of the military's error the Appellants still

could not "prevail" in their claim.  The Army essentially argued the Appellants would have to

show that "but for" the defect in their record they would have been promoted.  The US Court of

Appeals for the District of Columbia's ruling in <u>Dilley</u> held that this belief was without merit.

The Court of Appeals held in its ruling "the purpose of the Relook Boards was not to

consider appellants for promotion to the next higher grade, but rather to determine whether the

1975 Boards have been biased." *Id*. at 924.  Given the unique timing of the 1975 and 1976

Review Boards along with the Relook Board reviewing documentation, the two pass over letters

from the mid-1970s, the U.S. Court of Appeals held that the ABMCR decision was *contrary to*

*law* and the Secretary's actions were *arbitrary and capricious*.  Our Superior Court held that

Appellants were entitled to not have the pass over letters in their files from the illegally

composed boards during their promotion board.  *See discussion in* <u>Dilley</u> at 926.  The U.S. Court

of Appeals ordered that . . .

> [b]ecause the Army's gross violation of the statue and regulations governing its
> promotion selection procedures adversely affected appellants' consideration for
> promotion in 1975 and 1976, appellants are entitled to be reinstated to active duty
> and to be considered again by two promotion selection boards constitution in
> accordance with applicant statutes and regulations.

*Id*. at 925.

In the present case, Plaintiff asserts that the actions of the 1979 and 1980 Review Boards violated the law. They had before them Plaintiff's two pass over letters from an illegal board and a subsequent board that had the first pass over letter before it. Plaintiff asserts that he was entitled to be before the 1980 Review Board without these improper pass over letters. In 1998, ABCMR staff appears to be arguing that the Review Boards knew the letters were not prejudicial to Plaintiff because the Review Board certainly saw the corrective letter in the file. This assertion fails to give both adequate and correct requisite specificity of law or fact.

ABCMR's actions are contrary to case law as established in <u>Dilley</u> and <u>Lipsman</u>, *supra*. ABCMR should have removed the pass over letters from Plaintiff's file, reinstated Plaintiff, provided back pay (along with interest), and brought Plaintiff before two Review Boards for promotion.

## F.    PLAINTIFF MEETS THE STATUTE OF LIMITATIONS.

   i.    <u>Plaintiff's filing against the Secretary staff's action is timely because the ABCMR-staff actions fall within the six-year statute of limitations.</u>

Plaintiff meets the six-year statute of limitations requirement for civil actions against the United States. 28 U.S.C. §2401(a). The circuits are split on the correct tolling of statute of limitations regarding BCMR issues. This circuit follows the criteria that the statute of limitations begins once the military board for correction of military records acts upon a claimant's request for reconsideration.[1] See <u>Green v. White</u>, 319 F.3d 560, 564-565 (3rd Cir.,

---

[1] The three standards articulated by the <u>Green</u> Court are: 1. Our court has held that the statute of limitations begins to run at the last administration determination "as long as that motion is filed within 6 years of the motion recent application to the BCMR"; 2. The statute of limitations toll once a request for reconsideration has been denied

2003) *discussing* <u>Nihiser v. White</u>, 211 F.Supp.2d 125, 128-129.  But in this case, the

unambiguous simple six-year statute of limitations would apply since some of the actions were

not committed by the ABCMR Board members but were those of the ABCMR staff.

Specifically, those ABCMR-staff actions on Plaintiff's request for reconsideration dated May 15,

2002, April 21, 2005,  May 24, 2005, and June 6, 2005.  Exhibits I, J, K, and L.  Focusing on

the actions of the ABCMR staff members (as discussed *infra*.), this standard evaluation of the

statute of limitations would make Plaintiff's current action timely.

ii.  <u>Plaintiff's filing against the Secretary's 1998 denial is timely because the ABCMR-board
    actions fall within the statute of limitations since the Secretary tolled the statute of
    limitations</u>.

Plaintiff's current filing meets the statute of limitations for filing a claim against the

BCMR decision made in June 1998.  This Court has held that a claimant can file an appeal to

district court as long as his request for reconsideration was filed within 6 years of the BCMR's

decision.  Plaintiff's original ABCMR request (for his <u>Dilley</u> claim) was denied in June 1998.

He subsequently made a request for reconsideration on March 29, 1999, and May 15, 2002.

These requests successfully tolled the statute of limitations for this action.

The Plaintiff in his timely 1999 request for reconsideration argued that the 1998 ABCMR

Board decision was incorrect as a matter of law and failed to discuss with particularity the

relevant facts to the situation .  Plaintiff's 2002 request asked that the Board make a

determination, not a staff member.  If this 2002 application fails to meet the one year deadline

for a request for reconsideration before the Board then its should stand as a new application

---

regardless of how long ago the original petition to the BCMR was filed; 3. the "the six-year time limit begins to
run with the first [BCMR] decision and is unaffected by subsequent motions for reconsideration."

before the Board.  The argument would be that the Board's staff denied Plaintiff his due process

by not allowing it before the ABCMR which he argued that the ABCMR's decision was arbitrary

and capricious for not articulating why the documents where not relevant in its decision and

ultimately for not following this Court prior ruling in <u>Dilley</u>.  The ABCMR continued to toll this

issue by allowing staff members to make determinations on the prior actions of ABCMR staff.

## G.    *RES JUDICATA* IS NOT AT ISSUE

Defendants assertion of *Res Judicata* is misplaced.  Plaintiff is not trying to re-litigate his

discrimination complaint.  See <u>Jones v. Sec'y of Army</u>, Docket Nos, 88-00727; 99-11525.

(Defense Ex. 1).  Plaintiff is rightfully litigating before this Court the Secretary's arbitrary and

capricious actions which denied Plaintiff his due process.

As we learned in <u>Martinez v. United States</u>, 333 F.3d 1295 (Fed. Cir. 2003), the Board of

Correction for Military Records is a permissive process.  Plaintiff, along with any former or

current military member, can bring forth a request for recharacterization *anytime* if justice so

requires.  10 U.S.C. 1552(b).  Plaintiff is now following his rights of due process.

Plaintiff is attacking the ABCMR and its staff's arbitrary and capricious action to deny

him due process, **not** his wrongful discharge from 1980.  The military records correction laws do

not speak of Plaintiff being unable to follow his case from ABCMR into the federal courts if he

had already directly brought suit of his wrongful discharge directly to federal court (especially

on fundamentally different issues).  Following Defendant's *Res Judicata* argument on page 11 of

its brief which cites <u>Amore v. Accor N. Am., Inc.</u>, 2008 U.S. Dist. LEXIS 1491 (D.D.C. 2008)

(citing <u>I.A.M. Nat'l Pennsion Fund v. Undus. Gear Mfg. Co.</u>, 723 F.2d 944, 946 (D.C. Cir.

Page 12 of 16

1983), and Hardison v. Alexander, 655 F.2. 1281, 1288 (D.C. Cir. 1981) and *also* <u>Challes T</u> <u>Shwerin v. Dept. of the Air Force</u>, 955 F. Supp. 140, 142 (D.C.C. 1997), citations omitted, Plaintiff's current causes of action and issues are different than what he had litigated in the District Court for the Northern District of Georgia and the Court of Appeals for the Eleventh Circuit.  Plaintiff is now before this Court defending his due process rights.

Defendant cites <u>Hardison</u> noting that "even if the Court could construe the ABCMR's action as a waiver of Res Judicata it would be "'unwise to do so, for we would thereby chill the willingness of the agencies to reconsider an agency decision after first obtaining a favorable judgement as a defendant is a lawsuit.'" <u>Hardison</u>, 655 F.2d at 1289.  It defies logic to prevent Plaintiff this remedy to protect his right of due process before this Honorable Court if Congress created this permissive path for military members to recharacterize their military record but did not outwardly limit its application to these courts by means of the APA.

Plaintiff brought forth a **new** argument before the ABCMR as he is entitled to bring at anytime.  *See* 10 U.S.C. 1552(b).  Plaintiff argued that he had been wronged by the military by not following this Court's prior ruling in <u>Dilley</u>.  The ABCMR summarily dismissed Plaintiff's complaint noting that <u>Dilley</u> was not applicable.  But the ABCMR gave no substantive reasoning why it failed to follow this Court's precedent.  Plaintiff appealed that decision arguing in part that the ABCMR had before it documents not related to his case when it made its decision. Plaintiff subsequently filed appeals when he was denied a hearing before the ABCMR by staff members who were making (or failing to make) substantive decisions on Plaintiff's case.  It is the actions of the ABCMR failing to follow this Court's precedent in <u>Lipsman </u>that Plaintiff is now directly appealing to this Honorable Court.

**H.    BY DEFENDANT'S OWN ACCORD, PLAINTIFF IS ENTITLED TO A WRIT OF MANDAMUS BY THIS HONORABLE COURT.**

A *Writ of Mandamus* is "an extraordinary one" and should be "utilized only under exceptional circumstances." Haneki v. Secretary of Health, Education, and Welfare, 535 F.2d 1291 (D.C. Cir. 1976). Plaintiff asks this Honorable Court to correct the military's repeated error of not following the law. ABCMR staff has no business making substantive decision (directly or indirectly) of a soldiers' change of records request. The Secretary must follow this Court's precedent in Lipsman. Nor can the Board ignore this Court's prior rulings in Dilley. The law allows a military member to appeal to the Board **anytime** when justice so requires – here it would appear that by the military continues to ignore the precedent set by this Court and its superior court; this Honorable Court's intervention is warranted.

This Court has a history of interfering with military decisions **only** when the military does not follow codified law, follow due process, or follow this Court's *Stare Decisis*. If this Court decides not to grant Plaintiff relief based on the APA, *infra*, then Plaintiff pleads upon this Court to grant it a *Writ of Mandamus* and either have Plaintiff's case reheard/heard before the ABCMR and order the ABCMR to follow Dilley or, in the alternative, we ask this Honorable Court to grant Plaintiff direct relief by following its prior decision in Dilley.

**I.    Conclusion**

This Honorable Court has the ability to correct the mistakes made by the Army by simply having the ABCMR follow this Court's precedent. The ABCMR Board, not its staff, has the responsibility by law to review substantive matters. These substantive decisions cannot be swept

away with procedural actions contrary to the law.  This Court has the ability and responsibility to

remand this case back to ABCMR.  With a remand, this Court can then order ABCMR to reopen

Plaintiff's request for "correction of military records," review all relevant information, follow

the correct law as outlined in <u>Lipsman</u> and <u>Dilley</u>, and provide a written determination with the

requisite specificity of facts and law, or, in the alternative, order Plaintiff to be reinstated with all

of the privileges that he would be entitled to.

     WHEREFORE, Plaintiff, through counsel, pleads upon Honorable Court deems to

protect his due process rights through the APA, the Declaratory Judgment Act, All-Writs Act,

and Mandamus Act, or through any appropriate means this Court deems correct.

Date _____

     Respectively Submitted,

     Law Offices of Carolyn Elefant

     _____/s/_____
     Carolyn Elefant
     Counsel
     DC Bar Number:
     1717 K Street, N.W. Ste. 600
     Washington D.C. 20036
     O:  (202) 297-6100
     F:  (202)
     loce@his.com
     Lead Attorney

LAW OFFICE OF MICHAEL D.J. EISENBERG
ATTORNEY AND COUNSELOR AT LAW

_____/s/_____
Michael D.J. Eisenberg
DC Bar Number:
700 12th Street, NW
Suite 700
Washington, DC  20005
O:  (202) 558-6371
F:  (202) 403-3430
michael@eisenberg-lawoffice.com
Co-Counsel for the Plaintiff
Roland Jones

DAPE-MPC-S
SUBJECT:

TO OSA, ABCMR          FROM  President, DCSPER          DATE **25** MAY 1983    CMT 2
                              Special Review Bd            COL McSpadden/fmw/325-8671

1. Reference your Disposition Form of 28 Oct 82. Per your request and under the
auspices of ODCSPER, the Special Review Board has reviewed the application of
                           In considering two previous appeals of the 1 August 72 to 2 July 72
OER, the SRB determined that he had failed to submit sufficiently compelling evidence
which would warrant alteration or deletion of the contested OER. In the SRB Case
Summaries of 25 October 74 and 5 June 75, attached as Enclosures 2 and 3, the specific
rationale in support of the decision to deny is provided. The other five reports on
this application have not been appealed previously.

2. The SRB has reviewed the applicant's current appeal of the 1 Aug 72 to 2 July 73
OER and the five additional OERs and is of the opinion that an alteration of the OER
which was previously appealed is warranted. The SRB held that the applicant failed
to present sufficient evidence on any of the newly appealed OERs to warrant alteration
or deletion. Rationale for this opinion is as follows:

    a. After conversing with rating officials on the OER for the period 1 Aug 72 to
2 July 73, the SRB finds no basis for challenging the overall accuracy and validity
of the OER. However, the SRB does feel that the phrase, "In spite of much indifference
and delays," in the rater's narrative is ambiguous and should be removed.

    b. The three phrases which the applicant claims are racial slurs were all made by
the same indorser on three separate reports. All three reports (14 Sep 60 - 30 Nov 60;
1 Dec 60 - 2 Apr 61; 1 Dec 61 - 17 Feb 62) contain some mention in the indorser's nar-
rative of the applicant (or applicant and his wife) being a credit to his race. The
applicant now considers such remarks to be diminutive and a damaging part of his record.
The SRB contacted the indorser who made those remarks and ascertained that in all three
instances, a compliment was intended. In the conversation the indorser indicated a
high opinion of the applicant and expressed surprise that he infers anything but a
favorable evaluation from any of the three OERs. The SRB held that the remarks in
question are not offensive, are not damaging to the applicant, and removal of these
remarks would not enhance the OERs being challenged.

    c. The applicant challenges the indorser's use of the word "slow" in the narrative
of two other OERs (1 Nov 63 - 31 Jan 64; 1 Feb 64 - 1 Apr 64). After reviewing the
entire text of both OERs, the SRB held that the word "slow" in the context used by the
indorser is neither a diminutive term nor a racial slur. The indorser described the
applicant as a slow and cautious starter, but then goes on to compliment him for the
finished product.

3. In addition to the appeal of the six OERs described above the applicant claims that
his OMPF contains material which should not be there. The SRB reviewed his claims and
complete OMPF and found the following:

Exhibit E1/16

ac 82-06456

DAPE-MPC-S                                                    25 ... ...
SUBJECT:

    a.  The applicant presented evidence that he submitted a request to have the appeal correspondence transferred from his "P" to "R" fiche in April 1979.  DA Policy at that time (as announced by DA Message DAPC-MSF-RR, dated 14 Apr 78) was to transfer such material upon request of the officer concerned.  His request was received in MILPERCEN but, for some unexplained reason, the transfer was not accomplished.

    b.  A part of the appeal correspondence, including an administrative letter of reprimand was erroneously filed in the commendatory and disciplinary portion of his "P" fiche.  The letter of reprimand has no markings which would indicate that it was submitted as part of the appeal correspondence, nor does it contain the proper terminology to be an official entry into his OMPF.  As presently filed, the letter could have disadvantaged the applicant when considered by selection boards.

4.  The SRB did not consider the deletion from the 1 Aug 72 to 2 July 73 OER to be a significant change which would enhance the applicant's OMPF.  However, the transfer of the appeal correspondence and improperly filed letter of reprimand could improve the applicant's chances for selection.  The SRB concluded that the applicant's corrected OMPF should be referred to a Special Selection Board for RA LTC under both the '79 and '80 criteria.

5.  In addition to the appeal of six OERs, the applicant contends that he has been denied both career opportunities and promotions because of institutional and systemic racism.  This is beyond the purview of the SRB and is being referred to the Human Resources Development Directorate of ODCSPER for preparation of an advisory opinion.  However, the SRB does note that the applicant has presented no proof that the contested OERs were the result of racial bias or prejudice.

6.  In summary, the SRB considered all available evidence submitted by the applicant and obtained by the SRB, as well as the previous Case Summaries, and decided that the one OER discussed above should be modified, that the applicant's OMPF should be corrected, and that he should receive promotion reconsideration for RA LTC.  The SRB has directed MILPERCEN to refer the applicant's OMPF to a Special Selection Board under criteria for 1979 and 1980.  MILPERCEN notified the applicant of this pending action by letter on 24 May 83.  The ABCMR is reminded that the enclosed Case Summary and Addendum thereto are integral to the advisory opinions expressed above.  Accordingly, it is recommended that relief, beyond that described above, not be granted.

FOR THE DEPUTY CHIEF OF STAFF FOR PERSONNEL:

                                       Leo B. Boucher, Jr.
                       FES:  WILLIAM A. McSPADDEN
                       Colonel, FA
                       President, DCSPER
                          Special Review Board

Enclosures

Exhibit E2/16

2

a(83-06456

# DEPARTMENT OF THE ARMY
## BOARD FOR CORRECTION OF MILITARY RECORDS
### THE PENTAGON, WASHINGTON, D.C.

IN THE CASE OF:

DATE: 29 June 1983
DOCKET NUMBER: AC82-06456
INDEX NUMBER: 111.01

COUNSEL:

## MEMORANDUM OF CONSIDERATION

I certify that hereinafter is recorded the record of consideration of the Army Board for Correction of Military Records in the case of the above-named individual. A quorum was present during the consideration.

Present: Mr. Robert E. Carlson     Chairman
Mr. Samuel A. Crumpler     Member
Mr. John Lee     Member

Mr. John W. Matthews     Executive Secretary
Mr. Loren G. Harrell     Examiner

The Board, established pursuant to authority contained in 10 U.S.C. 1552, convened at the call of the Chairman on the above date. AR 15-185, the regulation governing the operation of the Board, provides that each application and the available military records pertinent to the corrective action requested will be reviewed to determine whether to authorize a hearing, recommend that the records be corrected without a hearing, or to deny the application.

The Board may deny an application if it determines that insufficient relevant evidence has been presented to demonstrate the existence of probable material error or injustice. Following consideration of the case and having made its determination thereof, proceeded to other business.

Applicant requests correction of military records as stated in application to the Board and restated herein.

The Board considered the following evidence:

Exhibit A - Application for correction of military records
Exhibit B - Military Personnel Records
Exhibit C -

14 JUL 1983

Exhibit E3/16

D13

Grant R(  )st    ------  ------  ------
Formal Hearing    --------  --------
Deny w/o Hearing

**APPLICANT REQUESTS:** That he be made whole and that all disparities/improprieties/administrative errors be removed from his entire record; that upon complete sanitization of the record, precise credit be added to each OER in his file to offset the demonstrated disproportionate impact of the adverse effects of past discrimination; that upon completion of the OER adjustments to correct for the adverse effects, credit be applied to his record, as it would have been added under the Order of Merit List (OML) system, and adjustments be made to correct for the negative track (path) which led to missed assignments and late schooling to include a correction factor for all errors that influenced selection board(s) procedures; and upon completion of all of the above, and recognizing that discriminatory purpose and its impact may be inferred from "the totality of the relevant facts," apply the Army so-called "5%" Rule, promote him to the appropriate rank.  The applicant submits a 24 page addendum to his application and indicates that he does not desire to appear before the Board.

**APPLICANT STATES:** That, in part, since his retirement, he had analyzed his entire service record and had concluded that the records, contain cumulative adverse impacts of discrimination that had compounded and permanently foreclosed on his potential; that such practices and procedures appear neutral in intent, on their face and they were self-supporting and self-serving in compounding the perpetual effect of premature foreclosure; and such so-called efficiency components, although not job-related, were not affirmatively and systematically offset, set aside, or corrected by the Army and were allowed to be represented as factors other than performance that were adduced to justify discharge; that he alleges that nonselection for assignments, timely promotions and early retirement was not his doing and fault; that these nonselections were the direct result of discriminating policies, procedures, and acts of personnel in the United States Army; and that given an unbiased working environment and an equal opportunity, it was reasonable to presume that he could have attained general officer status.  The applicant's application and 24 page addendum are attached.

**MATERIAL EVIDENCE OF RECORD:** Incorporated in this memorandum and included by this reference are the military records which reflect in pertinent part:

Exhibit E4/16

AC82-06456

The applicant, as ~two time nonselect for promotion to
LTC, RA, was mandatorily retired in his temporary grade
of LTC, AUS, on 30 Sep 80 with 21 years and 4 months
service.

The OERs in question for the periods 1 Aug 72 to 2 Jul
73, 14 Sep 60 to 30 Nov 60, 1 Dec 60 to 2 Apr 61, 1 Dec
61 to 17 Feb 62, 1 Nov 63 to 31 Jan 64 and 1 Feb 64 to
1 Apr 64 are attached for review.

On 4 May 1983, Chief, Equal Opportunity Programs,
DCSPER, advised that the applicant's file had been
reviewed by their office; that while the Army
recognized that minorities and women were, in the past,
denied career enhancing opportunities which stemed from
both personal and institutional discrimination, their
office found no evidence in the documents provided
which supported the allegation that the applicant was
not afforded an equal opportunity in the pursuit of his
career, or that he was malassigned and consequently not
promoted because he was black; that over the past
several years, concerned leadership and Army
Affirmative Actions initiatives had done much to
correct inequities of a systemic nature which served to
deny some soldiers an equal opportunity based on merit,
fitness, capability and potential; that the applicant's
active service occurred during a period of heightened
sensitivity to those inequities.

On 25 May 1983, the President, DCSPER Special Review
Board (SRB), advised this Board that the SRB had
reviewed the applicant's current appeal of the 1 Aug 72
to 2 Jul 73 OER and the five additional OERs and was of
the opinion that an alteration of the OER which was
previously appealed was warranted; that the SRB held
that the applicant failed to present sufficient
evidence on any of the newly appealed OERs to warrant
alteration or deletion; that in addition to the six
appealed OERs, the applicant claimed that his OMPF
contained material which should not be there; that a
part of the applicant's appeal correspondence,
including an administrative letter of reprimand was
erroneously filed in the commendatory and disciplinary
portion of his "P" fiche; that as presently filed, the
letter could have disadvantaged the applicant when
considered by selection boards; that the SRB did not
consider the deletion from the 1 Aug 72 to 2 Jul 73,
OER to be a significant change which could enhance the
applicant's OMPF; that, however, the transfer of the
appeal correspondence and improperly filed letter of
reprimand could improve his chances for selection; that
the SRB concluded that the applicant's corrected OMPF

3

AC82-06456

should be referred to a Special Selection Board for LA LTC consideration under both the '79 and '80 criteria; and that they had directed MILPERCEN to refer his OMPF to a Special Selection Board under the criteria for 1979 and 1980 Boards, copy attached.

DISCUSSION:   In consideration of all the evidence, allegations and information presented by the applicant in relation to the evidence of all the available records, staff advisory opinion as rendered in the matter, and statutory/regulatory provisions pertaining thereto, it is concluded that:

1.  The applicant's file has been reviewed in the Office of Equal Opportunity Programs and no evidence was found to support the applicant's allegation that he was not afforded an equal opportunity in pursuit of his career, or that he was malassigned and consequently not promoted because he was black.

2.  While it may have been the applicant's dream of becoming a General Officer, as it is of many fine officers, and achieved by very few, he has presented no evidence to show that he was denied this opportunity because he was black.

3.  Although the Butler Study concluded that black officers may have been disadvantaged in OERs received early on in their careers from 1956 to 1971, the report made no specific recommendations. However, subsequent to the release of the study, all selection boards have received specific instructions and guidance concerning the results of the study to take into consideration when reviewing officer records for promotion and schooling.

4.  Other than his own statement, the applicant has furnished no documentation to support his contention that the comments on the questioned OERs were racially motivated.  During the time period covered by the OERs in question, it was not unusual for a comment to be made about an officer and/or his wife or family being either a credit to the service or race.  This type comment was meant to be complimentary and not racially motivated as stated by the applicant.

5.  While it is unfortunate that the lack of inflation in certain OERs may tend to harm an officer's career and honest reports could possibly cause an officer problems, normally no single report will be considered as the sole basis of any personnel action.  The information produced by a series of efficieny reports

4

AC40-01456

submitted by different rating officials in a variety of
duty situations become an indication of such officer's
progressive development and a basis for measuring his
value as compared with his contemporaries.

6. In view of the foregoing, it would appear that the
applicant has submitted insufficient evidence to
support his appeal that the questioned OERs contained
racially motivated statements or that they were not
representative of his capacity, competency, efficiency
and value to the service at the time they were written.

7.  In view of the foregoing, other than the minor
amendment to the 1972 to 1973 OER, there is no basis to
further amend or remove the OERs from the applicant's
records.

8.  However, based upon the transfer of certain
material from the applicant's "P" fiche, the Department
has determined that the applicant should be
reconsidered for promotion under the 1979 and 1980
promotion criteria.  He will be further advised
concerning the results of these boards.

DETERMINATION:  The applicant has failed to present
sufficient relevant evidence to demonstrate the
existence of probable material error or injustice to
warrant a formal hearing.

John W. Matthews
Executive Secretary

5

Q 182-06456
Exhibit E7/16



### DEPARTMENT OF THE ARMY
#### BOARD FOR CORRECTION OF MILITARY RECORDS
##### WASHINGTON, D.C. 20310

SFMR                              **7 MAY 1984**

Dear

    Reference is made to your recent request for
reconsideration of your original application for
correction of military records.

    Your request for reconsideration, the materials
you submitted, and your military records have been
reviewed by the Army Board for Correction of Military
Records.  It was unanimously determined that you had
failed to submit sufficient relevant evidence to demon-
strate the existence of probable material error or
injustice to warrant a formal hearing and your applica-
tion was denied.  Enclosed is a copy of the Memorandum
of Consideration which sets forth pertinent factual
data contained in your service records, the issues
relevant to your case, and the conclusions upon which
the Board's determination is based.

    You may be assured that the decision in your case
was the result of a complete and impartial considera-
tion of the entire matter.

                              Sincerely,


                              George Sowa
                              Chief, Examining Branch #2



DEPARTMENT OF THE ARMY
BOARD FOR CORRECTION OF MILITARY RECORDS
WASHINGTON, D.C. 20310

MEMORANDUM OF CONSIDERATION

IN THE CASE OF:

BOARD DATE:       25 April 1984
DOCKET NUMBER:    AC82-06456A
INDEX NUMBER:     111.04

I certify that hereinafter is recorded the record of consideration of the Army Board for Correction of Military Records in the case of the above-named individual. The following members, a quorum, were present.

| | | |
|---|---|---|
| Mr. | Oliver Kennedy | Chairman |
| Mr. | Frank J. Sando | Member |
| Mr. | Anthony H. Gamboa | Member |
| | | |
| Mr. | John W. Matthews | Executive Secretary |
| Mr. | Loren G. Harrell | Examiner |

The Board, established pursuant to authority contained in 10 U.S.C. 1552, convened at the call of the Chairman on the above date. Army Regulation 15-185, the regulation governing the operation of the Board, provides that applications and the available military records pertinent to the corrective action requested will be reviewed to: determine whether to authorize a formal hearing; recommend that the records be corrected without a formal hearing; or, to deny the application without a formal hearing if it is determined that insufficient relevant evidence has been presented to demonstrate the existence of probable material error or injustice.

The applicant requests correction of military records as stated in the application to the Board and as restated herein.

The Board considered the following evidence:

Exhibit A - Application for correction of
            military records
Exhibit B - Military Personnel Records

Exhibit E9/16

C8,

ABCMR Memorandum
of Consideration (cont)

APPLICANT REQUESTS:  Reconsideration of the Board's
29 Jun 83 denial of his application for correction of
his military records, based on racial discrimination,
which prevented his attainment of general officer
status.  The applicant submits a 35 page brief, with
10 enclosures.  In addition, the applicant has submit-
ted several letters, with enclosures.  All materials
are now a matter of record in his official military
personnel file.

APPLICANT STATES:  That his action was pursuant to the
rules and regulations of the Department of the Army
(DA), Title 42 U.S.C. 1983 and 1985, and the First and
Fourteenth Amendments; that he alleges the DA entered
into an ensuing and continuing "pattern" of disparate
treatment of "discrimination" designed to deny
assignments, promotions, and to terminate his service
with the DA; that the Department entered into a
continuing "pattern" causing disparate impact by means
of an "agreement" designed to protect discriminatory
procedures and practices of the Army staff and
supervisory personnel, who used practices that have
been unlawful under Title VII, and case law which,
thereby, continues to provide for a closed system.  The
applicant cites from numerous laws and court cases,
which he believes entitles him to the correction of his
military records.  He also challenges the Board's
conclusions in its denial of his initial application.

MATERIAL EVIDENCE OF RECORD:


DISCUSSION:  In consideration of all the evidence,
allegations and information presented by the applicant
in relation to the evidence of all the available
records, and statutory/regulatory provisions pertaining
thereto, it is concluded that:

1.  The applicant continues to allege that his failure,
to attain a higher grade and remain on active duty, was
caused by racial discrimination.  He primarily bases
his allegation on earlier officer efficiency reports
(OER's) which he contends were defective and racially
motivated because of the statement "credit to his
race".  Although the applicant  now contends that this
statement is offensive and diminutive, he has provided
no evidence that the statement was either racially

•                        2

AC82-064 56A

Exhibit E10/16

ABCMR Memorandum
of Consideration (cont)

motivated or that it was the basis for his nonselec-
tions for promotion or prevented his receiving appro-
priate assignments and schooling. In this regard, the
rating official has stated, that the statement on the
OER's was not racially motivated and was not intended
to be demeaning or offensive, but as a compliment to
the applicant and his wife.

2. While the Butler Study called attention to the
fact, that during the period 1956 - 1971, a significant
number of black officers received lower scores than
white officers on OER's received early in their
careers, it made no specific recommendation as to what
was to be done about those OER's. However, many bene-
ficial corrective actions were subsequently instituted
as a result of the Butler Study. All promotion boards
were advised of the result of the study and were
instructed to take this into consideration when review-
ing officers files for promotions, assignments and
schooling.

3. The Department, after the release of the Butler
Study, has made, and continues to make, an effort to
insure that the rights of all individuals are protected
under the law.

4. Another review of the applicant's case has been
made, and there is insufficient evidence to support his
claim that he was denied equal opportunity in attaining
a higher grade while on active duty or that the OER's
in question were racially prejudiced.

DETERMINATION: The applicant has failed to present
sufficient relevant evidence to demonstrate the exis-
tence of probable material error or injustice.

BOARD VOTE

_____   _____   _____  DENY APPLICATION

_____   _____   _____  GRANT FORMAL HEARING

_____   _____   _____  GRANT _____

John H. Matthews
Executive Secretary

3

Exhibit E11/16



**DEPARTMENT OF THE ARMY**
BOARD FOR CORRECTION OF MILITARY RECORDS
WASHINGTON, D.C. 20310-1805

SFMR

8 APR 1985

Dear

    Reference is made to your recent request for reconsideration of your original application for correction of military records.

    Your request for reconsideration, the materials you submitted, and your military records have been reviewed by the Army Board for Correction of Military Records. It was unanimously determined that you had failed to submit sufficient relevant evidence to demonstrate the existence of probable material error or injustice to warrant a formal hearing and your application was denied. Enclosed is a copy of the Memorandum of Consideration which sets forth pertinent factual data contained in your service records, the issues relevant to your case, and the conclusions upon which the Board's determination is based.

    You may be assured that the decision in your case was the result of a complete and impartial considera-tion of the entire matter.

                Sincerely,

                George Sowa
                Chief, Examining Branch #2

Enclosure

Exhibit E12/16

AC52- 00456 B

ABCMR Memorandum of
Consideration (cont)

On 25 April 1984, the Board denied the applicant's
request for reconsideration of the Board's 29 June 1983
denial of his original application.

CONCLUSIONS:

1.  In alleging that the Board's previous actions in
this case were arbitrary, capricious, contrary to the
law, to the constitution, and to the evidence of
record, and not supported by substantial evidence, the
applicant has reiterated arguments which were
previously made.  Those arguments were considered and
found to be without merit, and the applicant's
restatement of those arguments offers no basis for
granting any of the relief requested.

2.  The applicant has also cited a plethora of court
decisions rendered involving discrimination under Title
VII.  In most instances he either misquotes, misapplies
or quotes a lower court decision which has been
overturned by a higher court.  Individually or
collectively, none of the cited cases appear to be
applicable to the applicant's appeal before this Board.

3.  The one new issue raised by the applicant, the lack
of a Black member on the 1980 LTC, RA, promotion board,
has been noted.  In this regard, the applicant believes
he is either entitled to a promotion or promotion
reconsideration, as was afforded by this Board under
"RELOOK", when this Board determined that the
Department had violated Title 10, U.S.C. 266a, for
failing to have Reserve representation on certain
officer promotion boards.  In this instance, there is
no violation of the law due to the lack of a Black
Board member on the 1980 LTC, RA, promotion board.  The
law neither implies nor requires Black, or, for that
matter, any specific race, membership on promotion
boards.  The 1980, LTC, RA, promotion board did,
however, include a minority member.

4.  A complete review of the entire matter has again
been made.  The evidence of record simply does not
support the applicant's contention that he was denied
equal opportunity for advancement or that he has been
discriminated against in anyway, especially, based on
the statements in his OERS that "He and his wife were a
credit to his race."

3

Exhibit E13/16

AC52-CC456·B

ABCMR Memorandum of
Consideration (cont)

DETERMINATION:  The applicant has failed to submit
sufficient relevant evidence to demonstrate the
existence of probable material error or injustice.

BOARD VOTE:

_____  _____  _____      GRANT  _____

                               GRANT FORMAL HEARING

_____  _____  _____      DENY APPLICATION


                          _Karl Bielenberg_
                          Acting Executive Secretary

Exhibit E14/16

AcS2- 00456- B



**DEPARTMENT OF THE ARMY**
BOARD FOR CORRECTION OF MILITARY RECORDS
WASHINGTON, D.C. 20310 -1903

MEMORANDUM OF CONSIDERATION

IN THE CASE OF:

BOARD DATE:      27 March 1985
DOCKET NUMBER:   AC82-06456C
INDEX NUMBER:    111.04

I certify that hereinafter is recorded the record
of consideration of the Army Board for Correction of
Military Records in the case of the above-named
individual. The following members, a quorum, were
present.

Mr. Samuel T. Brick, Jr.      Chairman
Mr. Philip E. Lavigne         Member
Ms. Erin J. Hausman           Member

Mr. Karl Bielenberg           Acting Executive Secretary
Mr. Loren G. Harrell          Examiner

The Board, established pursuant to authority
contained in 10 U.S.C. 1552, convened at the call of
the Chairman on the above date. Army Regulation
15-185, the regulation governing the operation of the
Board, provides that applications and the available
military records pertinent to the corrective action
requested will be reviewed to: determine whether to
authorize a formal hearing; recommend that the records
be corrected without a formal hearing; or, to deny the
application without a formal hearing if it is
determined that insufficient relevant evidence has been
presented to demonstrate the existence of probable
material error or injustice.

The applicant requests correction of military
records as stated in the application to the Board and
as restated herein.

The Board considered the following evidence:

Exhibit A - Application for correction of
            military records
Exhibit B - Military Personnel Records

Exhibit E15/16

ABCMR Memorandum of
Consideration (cont)                                    - - -

APPLICANT REQUESTS: Requests reconsideration of the
Board's prior denials of his request for correction of
his military records for the removal of certain OERs
which he believes to be discriminatory in nature; that
he be given constructive credit or an increase in the
numerical scores on his OERs during the period covered
by the Butler Study; that his records be corrected in
such a manner to either give him credit or constructive
credit for assignments and schools relating to a career
pattern in MOS 1542; that he retroactively be promoted
to the grade of LTC, RA, due to the lack of any blacks
on the 1980 promotion board based on the ABCMR
precedent relating to the "RELOOK" promotion boards;
that he be retired at the highest rank that could
possibly be attained or, at a rank equal to the highest
rank granted to any peer from the 1959 year group or, a
rank granted any officer of a earlier year group,
whichever is greater; that he be permitted to audit
CGSC and a management information officer course, and
War College, at his option, with all pay/credits, TDY,
BOQ, and civilian dress be authorized; and that he be
paid the expenses in the preparation of his application
and all back pay and allowances he is entitled to based
on the correction of his records.  The applicant's
specific requests are outlined in paragraphs 1 through
17 on pages 1 through 5 in his brief of 26 September
1984.

The applicant, in support of his request for
reconsideration, has submitted a 26 September 1984, 51
page brief, with enclosure, a 14 page letter of 17 July
1984, with enclosure, a 4 page letter of 12 July 1984,
a 15 page letter of 20 June 1984, with enclosures and a
3 page letter of 19 May 1984, with enclosures, copies
attached.  They have also been made a matter of record
in the applicant's official military personnel file.

EVIDENCE OF RECORD:  Incorporated herein by reference
are military records which show:

The applicant, who was nonselected for promotion to
LTC, RA, in 1979 and 1980, was mandatorily retired, by
law, in his temporary grade of LTC, AUS, on
30 September 1980, with 21 years and 4 months service.

On 29 June 1983, the Board denied the applicant's
request for correction of military, wherein the
applicant had, essentially, requested the same
corrections of his military records, as he has in his
current request for reconsideration.

2

Exhibit E16/16

AC82- 06450 B

MAR 2 7 2001



**DEPARTMENT OF THE ARMY**
REVIEW BOARDS AGENCY
1941 JEFFERSON DAVIS HIGHWAY 2ND FLOOR
ARLINGTON VA 22202-4508

**January 9, 2001**

REPLY TO
ATTENTION OF

Client Information & Quality Assurance (CIQA)

JONES, Roland A.
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

The Honorable John Lewis
The Equitable Building
100 Peachtree Street, N.W.
Suite 1920
Atlanta, Georgia  30303

Dear Representative Lewis:

This is a final reply to your letter dated September 13, 2000, concerning Mr. Roland A. Jones.

Enclosed you will find a copy of the June 10, 1998 Memorandum of Consideration, pertaining to the appeal submitted to the Army Board for Correction of Military Records (ABCMR) by Mr. Jones July 12, 1996.

We experienced difficulty locating a copy of this decision but I am glad it was located. I regret the decision could not be favorable. As requested by Mr. Jones, I am returning the copy of his July 12, 2000 letter we sent to our Screening Team on August 22, 2000. The case that was opened based on that letter has been closed.

While I sincerely regret that he was initially sent the wrong decision document, that administrative error is now corrected and separate and apart from the issues contained in his appeal.

As previously indicated, Mr. Jones may request reconsideration of the ABCMR's decision if he has "new, relevant evidence", not previously reviewed by the staff of the Board.

Mr. Jones also has the option of filing his case in Federal Court if he wishes to pursue the matter further.

" A4 " Exhibit H



**DEPARTMENT OF THE ARMY**
BOARD FOR CORRECTION OF MILITARY RECORDS
1901 SOUTH BELL STREET 2ND FLOOR
ARLINGTON, VA 22202-4508

**APR 21 2005**

AR20040005389, JONES, ROLAND A.


Mr. Roland A. Jones
1390 Heatherland Drive
Atlanta GA 30331-7406

Dear Mr. Jones:

This is in response to your 28 May 2004 request to the Acting Secretary of the Army for reconsideration of Army Board for Correction of Military Records (ABCMR) Docket Number AC82-06456. Your request was referred to the ABCMR for consideration. This case was previously considered and denied by the ABCMR on 29 June 1983.

Army Regulation 15-185 sets forth procedures for processing requests for correction of military records. A recent court decision ordered the deletion of paragraph 2-15b which applies to requests for reconsideration. The effect of this court decision now permits an applicant to request reconsideration of an earlier ABCMR decision if the request is received within one year of the ABCMR's original decision and it has not previously been reconsidered. Such requests must provide new evidence or argument that was not considered at the time of the ABCMR's prior consideration.

The ABCMR records show that you have previously requested reconsideration of ABCMR Docket Number AC82-06456 and that your case has been reconsidered and denied by the Board on at least two separate occasions. The previous request for reconsideration was the final administrative action taken by the Secretary of the Army. Since there is no further ABCMR action contemplated, you have exhausted all administrative remedies in this matter and you are not eligible for further reconsideration by this Board. Therefore, we are returning your request without action.

The ABCMR will not consider any further requests for reconsideration of this matter. However, as you have previously been informed, you have the option to seek relief in a court of appropriate jurisdiction.

Sincerely,

Carl W. S. Chun
Director, Army Board for Correction
of Military Records

Enclosure

Exhibit J


Printed on Recycled Paper



**DEPARTMENT OF THE ARMY**
ARMY REVIEW BOARDS AGENCY
1901 SOUTH BELL STREET 2ND FLOOR
ARLINGTON, VA 22202-4508

May 24, 2005

SFMR-RBR-QC/csm
JONES, Roland A.
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
Q20050001077


LTC(T) Roland A. Jones, USA Retired
1390 Heatherland Drive
Atlanta, GA  30331

Dear Lieutenant Colonel Jones:

Thank you for your recent letter dated May 6, 2005, to the Secretary of the Army, Honorable Francis J. Harvey.  In your letter you request permanent promotion to successively higher grades up to and including the rank of general (O-10).  My office provides support to the Army Board for Correction of Military Records (ABCMR).

My tracking system shows that the ABCMR denied your request for reconsideration on April 21, 2005.  Accordingly, you have exhausted your appeal rights before the ABCMR.  You may seek relief through a federal court of appropriate jurisdiction.

I trust this information is helpful.

Sincerely,

Rick A. Schweigert
Chief, Congressional and Special Actions

Printed on Recycled Paper

Exhibit K



**DEPARTMENT OF THE ARMY**
ARMY REVIEW BOARDS AGENCY
1901 SOUTH BELL STREET 2ND FLOOR
ARLINGTON, VA 22202-4508

June 6, 2005

SFMR-RBR-QC/csm
JONES, Roland A.
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
Q20050001163


LTC(T) Roland A. Jones, USA Retired
1390 Heatherland Drive
Atlanta, GA 30331

Dear Lieutenant Colonel Jones:

Thank you for your recent letter dated May 27, 2005, to the Secretary of the Army, Honorable Francis J. Harvey. In your letter you request permanent promotion to successively higher grades up to and including the rank of general (O-10). My office provides support to the Army Board for Correction of Military Records (ABCMR).

My tracking system shows that the ABCMR denied your request for reconsideration on April 21, 2005. As I advised you in my May 24, 2005 letter, you have exhausted your appeal rights before the ABCMR. You may seek relief through a federal court of appropriate jurisdiction.

I trust this information is helpful.

Sincerely,

Rick A. Schweigert
Chief, Congressional and Special Actions

*"A1"*

Exhibit L

